Reichwein Liquor License Case.

Argued November 19, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Spencer W. Hill,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*John L. Pipa, Jr.,* for appellee.

OPINION BY RHODES, J., December 11, 1946:

The Pennsylvania Liquor Control Board has appealed from the order of the court below reversing the orders of the board, and directing the issuance of a retail dispenser's license to Frank Reichwein.

Frank Reichwein was the holder of such license for an eating place, issued by the board on February 1, 1944. On August 22, 1944, the board issued a citation directed to the licensee to show cause why his license should not be revoked and the license bond forfeited for the specific violations alleged in the citation.

The board, after hearing, which was attended by the licensee and his counsel, found that the licensee: (1) Sold malt or brewed beverages on Sunday; (2) possessed liquor on the licensed premises; (3) sold liquor

without a license; (4) sold malt or brewed beverages between the hours of 2 a.m. and 7 a.m.; (5) permitted minors to frequent the licensed premises; (6) sold malt or brewed beverages to minors; (7) maintained gambling devices and permitted gambling on the licensed premises. The licensee admitted five of the violations as found by the board. The other two violations, to wit, (5) permitting minors to frequent the licensed premises, and (6) sales to minors, were substantially established by the testimony.

In pursuance of its findings, the board revoked the license and forfeited the license bond.

On appeal to the Court of Quarter Sessions of Northumberland County, it was agreed that the record of the hearing before the board examiner be made a part of the record in that court.

After hearing de novo, the court sustained the licensee's appeal, and directed the issuance of the license by the board. But the court did not find the facts to be otherwise than as found by the board, and we fail to see how it could have attempted to do so. The violations charged in the citation and as found by the board were admitted by the licensee or established by the testimony, and justify the revocation of the license and the forfeiture of the license bond. While the court of quarter sessions may set aside or modify an order of the board, it may do so only when it finds facts different from those found by the board; it may change a penalty to accord with its findings.

The court below considered the record unsatisfactory, but made no specific findings contrary to those of the board. It was of the opinion that the penalty imposed was beyond reason, and that a suspension for thirty or ninety days would have been sufficient. But, in the absence of different findings by the court, the penalty to be imposed under the act is determined by the board.

This appeal presents nothing new, and previous decisions of this court are applicable and controlling. *Yatsko's Liquor License Case,* 149 Pa. Superior Ct. 97, 25 A. 2d 778; *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 31 A. 2d 361; *Elite Social Club and Debating Society Liquor License Case,* 156 Pa. Superior Ct. 457, 40 A. 2d 883; *Pine Grove Fish and Game Protective Association Liquor License Case,* 156 Pa. Superior Ct. 462, 40 A. 2d 885. See, also, sections 7, 13, and 23 of the Beverage License Law of 1933, as amended by the Act of May 27, 1943, P.L. 694, 47 PS §§ 90, 96, 100 (f).

The order of the court below is reversed, and the order of the board revoking the retail dispenser's eating place license issued to Frank Reichwein, and the further order of the board forfeiting the license bond are reinstated. Costs to be paid by appellee.