## Lande Liquor License Case.

### Commonwealth, Appellant, *v.* Lande et al.

Argued October 11, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*E. P. Hannum,* with him *Russell C. Wismer,* Special Deputy Attorney General, *Horace A. Segelbaum,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellant.

*Daniel G. Murphy,* for appellees.

PER CURIAM, November 9, 1948:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the court below reversing the order of the board revoking the restaurant liquor license issued to David Lande and Leon Epstein, and directing that the said license be restored. The board issued a citation directed to the licensees to show cause why their license should not be revoked and the license bond forfeited by reason of certain violations alleged therein. Subsequently the board issued an amended citation setting forth additional dates of alleged violations.

Hearing was held on the citation and amended citation. The board found that the licensees, their servants, agents, or employees on specific dates sold, furnished, and/or gave liquor and/or malt or brewed beverages to visibly intoxicated persons; that the licensees permitted

employees to contact and/or associate with patrons on the licensed premises; and that the licensed establishment was conducted in a disorderly manner.

In accordance with its findings of fact, the board revoked the license issued to licensees. See section 410 of the Act of 1933, as reënacted and amended by the Acts of April 16, 1943, P. L. 60, No. 37, May 27, 1943, P. L. 688, 47 PS §744-410.

The testimony taken before the examiner for the board was, by agreement of counsel, submitted to the court of quarter sessions upon appeal. No additional testimony was presented.

The hearing before the court below was de novo, and, as we have frequently said, while the court of quarter sessions may set aside or modify an order of the board, it may do so only when it finds facts different from those found by the board; it may then change a penalty to accord with its findings. *Reichwein Liquor License Case,* 160 Pa. Superior Ct. 71, 73, 49 A. 2d 869; *Andracchio Liquor License Case,* 160 Pa. Superior Ct. 74, 80, 49 A. 2d 843; *East End Ex-Service Men's Association Liquor License Case,* 162 Pa. Superior Ct. 512, 58 A. 2d 194.

In the present case the court below made no specific findings of fact, nor did it set aside any findings of fact which had been made by the board. It did, however, vacate the board's order of revocation and direct that the said license be restored to the licensees. In its opinion it makes no reference to the violations specifically found by the board except in so far as the licensed premises may have been disorderly. In this connection the court said that it could not be expected that the licensed premises located in the heart of the so-called "tenderloin district" of Philadelphia would be as quiet and orderly as a place in a residential section of the city. As to this, we think it is sufficient to say that the location of licensed premises affords no excuse for the violation of the liquor laws in any respect. Nor may a licensee

prevent the revocation of his license by endeavoring to place the responsibility for violations of the liquor laws upon his employees. *Easton's Liquor License Case*, 142 Pa. Superior Ct. 49, 15 A. 2d 480. A mere conclusion that the revocation of the license was too severe a penalty is insufficient to support a reversal of the board.

The petition of the licensees on appeal to the court of quarter sessions did not deny the violations charged; the evidence produced fully supports the findings of the board, and disclosed a deplorable condition; and the court, in the absence of new and different findings of fact from those of the board, was not warranted in reversing the board's order of revocation.

The order of the court below is reversed, and the order of the board is reinstated. Costs to be paid by appellees.