Opinion by
 

 Arnold, J.,
 

 The Liquor Control Board revoked the license of the appellant under §410 of the Pennsylvania Liquor Control Act. On appeal this was affirmed, although the court below apparently felt that the penalty imposed was too severe. In
 
 Mami’s Liquor License Case,
 
 144 Pa. Superior Ct. 285, 19 A. 2d 549, and in a number of subsequent cases,
 
 [1]
 
 we held that where the Liquor Control Board imposes a penalty on a licensee, the court of quarter sessions on appeal may not reverse except upon finding a different set of facts. The instant appellant earnestly and ably argues that this holding should be overruled. We are unable to agree with this contention, and we therefore reiterate the rule of those cases.
 

 
 *239
 
 It may be pointed out that §410 of the original Pennsylvania Liquor Control Act of 1933, P. L. 15, was amended by the Act of 1935, P. L. 1246, the Act of 1937, P. L. 1762, and the Acts of 1943, P. L. 688 and P. L. 60. The
 
 Mami’s Liquor License Case
 
 was handed down April 16, 1941, and the General Assembly in the two amendments in 1943 did not by legislation change the rule. Therefore there is a presumption that since a court of last resort had construed the language used in the Act of Assembly, the Legislature in subsequent laws on the same subject matter, intended the same construction to be placed on such language: Statutory Construction Act, 46 PS §552 (4). The instant violations of the appellant, and the subsequent revocation by the Liquor Control Board occurred long prior to the amendment of the Liquor Control Act approved May 20,1949, P. L. 1551, 47 PS 744-403, 744-404, 744-408, 744-410.
 

 At argument appellant conceded that any question concerning action by a court en banc is immaterial.
 

 Orders affirmed.
 

 [1]
 

 Pacewicz Liquor License Case,
 
 152 Pa. Superior Ct. 123, 31 A. 2d. 361;
 
 Reichwein Liquor License Case,
 
 160 Pa. Superior Ct. 71, 49 A. 2d 869;
 
 Lande Liquor License Case,
 
 163 Pa. Superior Ct. 365, 62 A. 2d 101;
 
 Janiro Liquor License Case,
 
 163 Pa. Superior Ct. 398, 62 A. 2d 102;
 
 Ortuglio Liquor License Case,
 
 163 Pa. Superior Ct. 402, 62 A. 2d 69;
 
 Hirsh Liquor License Case,
 
 164 Pa. Superior Ct. 284, 64 A. 2d 504;
 
 Enlisted Men’s Club of Trafford Liquor License
 
 Case, 166 Pa. Superior Ct. 26, 70 A. 2d 696.