Opinion by
 

 Rhodes, P. J.,
 

 On December 14,1948, the Pennsylvania Liquor Control Board issued citations directed to Enlisted Men’s Club of Trafford to shoAV cause why its club license should not be revoked and the license bond forfeited for violations of the Liquor Control Act and regulations of the board alleged in said citations. Hearings upon such citations Avere held before an examiner of the board at which time the licensee appeared by counsel, and testimony was submitted on behalf of the board and on behalf of the licensee.
 

 The board on April 19, 1949, in its opinion made the following findings:
 

 “1. The licensed organization is not operated for the mutual benefit of the entire membership in that it is operated by and for James J. Todaro and W. L. Todaro.
 

 
 *28
 
 “2. The licensed organization, by its servants, agents or employes, failed to conduct its business through officers regularly elected.
 

 “3. The licensed organization, by its servants, agents or employes, failed to fulfill the purpose of its charter.
 

 “4. The licensed organization, by its servants, agents or employes, failed to adhere to its by-laws.
 

 “5. The sale of liquor and/or malt or brewed beverages is the primary purpose of the licensed organization.
 

 “6. Persons are admitted to membership in the licensed organization without written application, investigation and ballot.
 

 “7. The licensed organization, by its servants, agents or employes, failed to charge and collect dues from elected members.
 

 “8. The licensed organization, by its servants, agents or employes, failed and neglected to keep complete and truthful records covering its operation.
 

 “9. On May 21, 1948; on August 15, 1948, and on November 9, 1948, the licensed organization, by its servants, agents or employes, maintained gambling devices and permitted gambling on the licensed premises.
 

 “10. During the month of November, 1948, the licensed organization, by its servants, agents or employes, stored malt or brewed beverages on premises not covered by its license.”
 
 [1]
 

 In pursuance of its findings the board by its orders of April 19, 1949, revoked the license issued to the Enlisted Men’s Club of Trafford and ordered the bond filed with the application for license forfeited. See section
 
 *29
 
 410 of tlie Act of 1933, as amended by tlie Acts of April 16, 1943, P. L. 60, No. 37, May 27, 1943, P. L. 688, 47 PS §744-410.
 

 The licensee appealed on April 27,1949, to the Court of Quarter Sessions of Westmoreland County. On June 3, 1949, the matter came before the court for hearing de novo in accordance with the provisions of the Act. It was stipulated and agreed by and between counsel for the board and counsel for the licensee that the testimony taken before the examiner would constitute the testimony upon which the court of quarter sessions would determine the appeal. No additional testimony was presented.
 

 The court below did not find the facts to be otherivise than found by the board. The testimony established the violations charged in the citations and as found by the board. The court below was of the opinion that a suspension for a period of forty-five days effective the 20th day of June, 1949, Avas sufficient, and by its order of June 3, 1949, it sustained the appeal and reversed the board’s order of revocation.
 

 The Pennsylvania Liquor Control Board then appealed from the order of the court below on July 6, 1949, to this Court.
 

 The court beloAv in an opinion filed August 13, 1949, stated “that the revocation was administering too severe a penalty even in the light of the infractions appearing in this record.” The reversal of a board’s order on such a ground has been held urnvarranted repeatedly.
 
 Reichwein Liquor License Case,
 
 160 Pa. Superior Ct. 71, 49 A. 2d 869;
 
 Lande Liquor License Case,
 
 163 Pa. Superior Ct. 365, 368, 62 A. 2d 101. The court of quarter sessions does not have discretionary power to act in an arbitrary manner in reversing such an order of the board
 
 (Janiro Liquor License Case,
 
 163 Pa. Superior Ct. 398, 402, 62 A. 2d 102) ; and it is our duty on this appeal to determine
 
 *30
 
 whether the court below has abused its discretion or committted an error of law
 
 (Pacewicz Liquor License Case,
 
 152 Pa. Superior Ct. 123, 126, 31 A. 2d 361). It should be unnecessary for us to repeat that unless the court’s findings of fact are different from those of the board, the penalties imposed by the board in the proper exercise of its discretion must stand. See
 
 Reichwein Liquor License Case,
 
 supra, 160 Pa. Superior Ct. 71, 49 A. 2d 869;
 
 Andracchio Liquor License Case,
 
 160 Pa. Superior Ct. 74, 49 A. 2d 843;
 
 East End Ex-Service Men’s Association Liquor License Case,
 
 162 Pa. Superior Ct. 512, 58 A. 2d 194;
 
 Janiro Liquor License Case,
 
 supra, 163 Pa. Superior Ct. 398, 62 A. 2d 102;
 
 Ortuglio Liquor License Case,
 
 163 Pa. Superior Ct. 402, 62 A. 2d 69.
 

 Appellee has filed a motion to quash the appeal on the ground that it was not taken and perfected within the time prescribed by the applicable Act of Assembly. The board filed an answer. The motion is based upon section 410 of the Act of 1933 (47 PS §744-410), as further amended by the Act of May 20, 1949, P. L. 1551. Section 4 of the amendatory act of 1949 provides, inter alia: “The said licensee or the board may, within thirty days from the filing of the order or decree of said court, file an appeal therefrom to the Superior Court.” The same limitation has been made applicable to appeals under sections 404 and 408 of the Act, 47 PS §§744-404, 408. Previously section 404 provided that there should be no further appeal from the action of the court of quarter sessions; section 410 did not contain this prohibition. See
 
 Pacewicz Liquor License Case,
 
 supra, 152 Pa. Superior Ct. 123, 125, 126, 31 A. 2d 361.
 

 Section 5 of the Act of May 20,1949, P. L. 1551, provides as follows: “The provisions of this amendatory act shall not apply to nor affect any application for the grant of a license or the renewal or transfer thereof made or pending before the Pennsylvania Liquor Control
 
 *31
 
 Board, or any appeal made to the court from action of
 
 the
 
 board before tbe effective date of this act.”
 

 In tbe present case tbe action of the board was on April 19, 1949; tbe appeal was taken to tbe court of quarter sessions therefrom on April 27, 1949; tbe order of tbe court below is dated June 3, 1949; tbe appeal to this Court was filed on July 6, 1949, which was within tbe forty-five days allowed under tbe law as it existed prior to May 20, 1949, tbe effective date of tbe Act of 1949. See Act of May 11, 1927, P. L. 972, No. 464, 12 PS §1136. Section 5 of tbe Act of 1949 is clearly applicable to this appeal under section 410 of tbe Act of 1933. Tbe motion to quash is dismissed.
 

 Tbe order of tbe court below is reversed, and the orders of tbe board are reinstated. Costs to be paid by appellee.
 

 [1]
 

 See section 2 of tie Pennsylvania Liquor Control Act of 1933, as amended by the Act of May 21, 1943, P. L. 403, §1, 47 PS §744-2; §202 of the Act of 1933, as amended by the Act of June 16,1937, P. L. 1762, §1, 47 PS §744-202; §402 of the Act of 1933, as amended by the Act of June 16,1937, P. L. 1762, §1, 47 PS §744-402; §605 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4605; Regulations of the Liquor Control Board effective March 28, 1946.