Pee Cueiam,
 

 The question presented in this liquor case is whether or not the Court of Quarter Sessions of Cambria County, upon appeal by Joseph Banterla from an order of the Pennsylvania Liquor Control Board revoking his restaurant liquor license, effective June 18,1948, could within its discretionary power modify the order of the Board by directing a ninety-day suspension in lieu of revocation. It is the general rule, applicable to such appeals, that, unless the court’s findings of fact are different from those of the Board, the penalties imposed by the Board in the proper exercise of its discretion must stand.
 
 Enlisted Men’s Club of Trafford Liquor License Case,
 
 166 Pa. Superior Ct. 26, 30, 70 A. 2d 696.
 

 The findings of the Board may be summarized briefly as follows: (1) The licensee, his servants, agents, or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to visibly intoxicated persons; (2) sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or. patrons on Sundays; (3) sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of two o’clock antemeridian and seven o’clock antemeridian;’ (4) permitted minors to frequent the licensed premises; (5)
 
 *546
 
 conducted the licensed establishment in a disorderly manner; (6) permitted gambling on the licensed premises; (7) failed to maintain sufficient illumination to insure clear visibility within the licensed premises; and (8) permitted dancing on the licensed premises on a day or during hours when the sale of liquor and/or malt or brewed beverages ivas prohibited. On the appeal from the order of the Board, no additional testimony or evidence was presented; it was stipulated by counsel that the court should dispose of the appeal upon the transcript of the testimony taken before the board examiner. Subsequently, the court filed its opinion adopting the first, second, third, and eighth findings of the Board, but making certain changes in the fourth, fifth, sixth, and seventh findings; and it ordered the license suspended for a ninety-day period in place of the Board’s order of revocation.
 

 The court misconstrued the Board’s fourth finding of fact in holding that there was not enough testimony to penalize the licensee on the charge of selling intoxicants to minors. The Board made no finding relative to selling intoxicants to minors, but it did find that on certain dates minors were permitted by the licensee, his servants, agents, or employes to frequent the licensed premises. However, the court below did find that minors were found on the licensed premises.
 

 As to conducting the licensed establishment in a disorderly manner (fifth finding of fact), the court said: “There is some evidence that some of the patrons in the establishment were at times disorderly. Of course, it is to be understood that guests at an establishment of this character are usually laborers or coal miners, and their conduct may not be just what it should be. I do not believe that we would be justified to find as a fact, under the evidence, that the place was operated disorderly and warrant the imposition of a penalty.” It is apparent from this finding that the court conceded the fact of
 
 *547
 
 disorder; and no finding was made that the licensed establishment was properly conducted. In
 
 Lande Liquor License Case,
 
 163 Pa. Superior Ct. 365, 367, 62 A. 2d 101, 102, we said: “In its opinion it [the court below] makes no reference to the violations specifically found by the board except in so far as the licensed premises may have been disorderly. In this connection the court said’that it could not be expected that the licensed premises located in the heart of the so-called ‘tenderloin district’ of Philadelphia would be as quiet and orderly as a place in a residential section of the city. As to this, we think it is sufficient to say that the location of licensed premises affords no excuse for the violation of the liquor laws in any respect.”
 

 Likewise, in considering the question of gambling on the premises (sixth finding of fact), the court did not controvert the fact that gambling' did take place, but attempts to excuse it: “The evidence on the gambling charge is limited simply to a game or so played by the licensee himself with one of his friends. ... We are of the opinion that there is no justification to find as a fact that gambling was permitted in these premises and we do not believe that any penalty should be imposed on the one isolated incident of a card game between the licensee and one of his friends.”
 

 The court below refers finally to the illumination of the premises (seventh finding of fact) : “We are informed that the illumination in the premises has been taken care of, and we therefore fail to find any evidence to support it.” Here the court goes outside the record for information that a condition of insufficient illumination has been corrected, and then uses it as a basis for concluding that such a condition did not exist.
 

 Any variation between the findings of the court and the original findings of the Board is without substance and affords no basis for modification or reversal of the Board’s order.
 

 
 *548
 
 It follows that the court’s conclusion that the penalty imposed was too severe is insufficient to support a reversal of the Board’s order.
 
 Lande Liquor License Case,
 
 supra, 163 Pa. Superior Ct. 365, 368, 62 A. 2d 101.
 

 The order of the court below is reversed, and the order of the Board is reinstated. Costs to be paid by appellee.