Homestead Social and Beneficial Society Appeal.

594

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Horace A. Segelbaum,* Deputy Attorney General, with him *Andrew G. Uncapher,* Special Deputy Attorney General and *Robert E. Woodside,* Attorney General, for appellant.

No argument was made nor brief submitted for appellee.

PER CURIAM, November 15, 1951:

The Pennsylvania Liquor Control Board revoked the club liquor license of the Homestead Social and Beneficial Society for violations consisting, inter alia, of sales to non-members and maintaining gambling devices on the licensed premises. On appeal by the holder, the Court of Quarter Sessions of Westmoreland County heard the case de novo, and, without making any find-

ings of fact different from those of the Board, reversed the Board and directed the restoration of the license. Under the circumstances the Court of Quarter Sessions had no such authority. We have repeatedly held that on such appeals unless the court has found a different set of facts from those found by the Board the penalties imposed by the Board in the proper exercise of its discretion must stand. *Banterla Liquor License Case,* 166 Pa. Superior Ct. 544, 545, 72 A. 2d 602; *Philadelphia J-L Corporation Liquor License Case,* 166 Pa. Superior Ct. 237, 70 A. 2d 698; *Enlisted Men's Club of Trafford Liquor License Case,* 166 Pa. Superior Ct. 26, 70 A. 2d 696.

In addition to the violations charged in the present proceeding and established by the testimony, the Board found that on three previous citations this club had been guilty of similar violations for which the Board had imposed penalties. See *Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 19, 53 A. 2d 849. Although the court below on appeal to it heard the case de novo, there is an absence of any relevant and material findings of fact. While the court below was cognizant of the club's violations as found by the Board, it apparently took the view that such violations were excusable, and that, since the club "has its house in order" and had been in existence for over fifty years, the Board's order of revocation was "too severe a penalty."

Section 410 of Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of May 20, 1949, P. L. 1551, 47 PS §744-410, provides: "Upon appeal [from revocation of a license by the board], the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court." The action of the court must be based upon

relevant and material findings of fact supported by the evidence and proper conclusions of law. The amendment of 1949 did not change the applicability of our ruling in *Banterla Liquor License Case,* supra, 166 Pa. Superior Ct. 544, 72 A. 2d 602, and similar cases.

The order of the court below is reversed, and the order of the Board is reinstated. Costs to be paid by appellee.