## Italian Citizens National Association of America Liquor License Case.

Argued April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Harold R. Bair,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Dale T. Lias,* for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is an appeal by the Liquor Control Board from the order of the County Court of Allegheny County sustaining a licensee's appeal from a 60-day suspension imposed by the Board for an alleged violation.

Appellee is the holder of a club liquor license. On February 25, 1954 the Liquor Control Board issued a citation based on alleged sales of liquor and malt beverages to persons who were not members of the organization. Hearing was held and on the basis thereof the Board found that the evidence sustained the allegations of the citation and ordered that the license be suspended for a period of 60 days. Appellee appealed

to the County Court which, after hearing de novo, sustained the appeal and vacated the suspension. This appeal followed.

The violations involved concern the sale of drinks to two enforcement officers. One of the officers appeared alone on the first occasion and expressed his desire to buy a drink. He was told by the secretary that he could not purchase liquor unless he was a member. The secretary then took his application for membership and an initial fee and issued a receipt to him. The enforcement officer was then served drinks on the basis of this membership application. He returned several days later and after inquiry at the door he was admitted and was allowed to purchase drinks again on the basis of his application for membership. His application had not yet been acted upon by the club. On the third visit he was accompanied by another enforcement officer. Again he was challenged at the door, but on the basis of his application he and the other officer were permitted to enter. Both were allowed to purchase drinks—the first officer who had applied for membership and the officer who had made no application whatever.

The court below in its opinion recognized all of these facts, and indeed the appellee does not dispute them. Admittedly the sale of liquor to one with a mere application for membership, as well as to a nonmember, is a violation of the Code. Act of April 12, 1951, P. L. 90, Art. IV, secs. 102, 406, 47 PS secs. 1-102, 4-406. The court did not base its decision on a disbelief of the facts. Instead it discussed the history of this club since 1917 as a civic and charitable organization and concluded that the enforcement officers were unfair in the manner in which they obtained the drinks, especially since the secretary of the club was relatively new at the job. This same secretary testi-

fied that he knew that the officer might not legally buy a drink while his application for membership was pending. There is no contention by appellee nor any assertion by the court below that the actions of the officers constituted an entrapment—only that they were unfair in using "impelling tactics" under the circumstances to obtain the purchase of liquor. In *Reiter Liquor License Case,* 173 Pa. Superior Ct. 552, 556, 98 A. 2d 465, Judge RENO said: "The officer had reason to believe the licensees were permitting women to solicit male patrons for the purpose of prostitution. It was not entrapment for the officer in good faith to secure evidence of such violations of the liquor laws by furnishing an opportunity to commit the offense." Clearly that is all the officers did here by their "impelling tactics". The lower court made no change in the basic finding by the board that these violations had occurred. The facts as presented to the lower court irrefutably make out a violation as found by the board. We have no choice but to reverse.

Under the Code (Act of April 12, 1951, P. L. 90, Art. IV, sec. 471, 47 PS sec. 4-471), the court on appeal from a suspension . . . "shall, in the exercise of its discretion, sustain, reject, alter, or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law as found by the court." It is by now well established that on such appeal the lower court must make findings of fact on the material issues different from those as found by the board before the action taken by the board can be reversed or changed. Unless the lower court's change or modification is so grounded, it cannot stand. *Appeal of Homestead Social and Beneficial Society,* 169 Pa. Superior Ct. 593, 85 A. 2d 265; *Turner v. Pennsylvania Liquor Control Board,* 161 Pa. Superior Ct. 16, 53 A. 2d 849; *Enlisted Men's Club of Trafford Liq-*

*uor License Case,* 166 Pa. Superior Ct. 27, 70 A. 2d 696.

Appellee contends that the credibility of the witnesses was for the lower court, which saw and heard the witnesses. We cannot see how that is involved here since there was no conflict in the findings of fact as made by the board and the court on the basic question whether or not the sales to non-members had been made. The only difference between the board and the lower court is in the conclusion reached and the lower court's discussion on the "unfair methods" which, of course, do not constitute a legal defense under the circumstances.

The order is reversed, costs to be paid by appellee.

ERVIN, J., concurs in result.