## McGrath *v.* Pennsylvania Liquor Control Board, Appellant.

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert H. Jordan,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellant.

*Joseph W. P. Burke,* with him *John A. Miernicki,* for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Schuylkill County modifying the order of the board suspending the restaurant liquor license of Joseph John McGrath and Josephine McGrath and providing that said suspension be reduced from forty-five days to a period of fifteen days.

The board issued a citation against the licensees to show cause why their license should not be revoked and the bond forfeited by reason of the violations alleged therein. After hearing, the board ordered that the li-

cense issued to the licensees be suspended for a period of forty-five days for the following reasons:

"The licensees, their servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or patrons on the following Sundays, May 20 and June 24, 1956.

"The licensees, their servants, agents or employes maintained gambling devices and permitted gambling on the licensed premises on May 20 and June 24, 1956."

The licensees then appealed to the Court of Quarter Sessions of Schuylkill County which, after hearing de novo, modified the order of the board. At the hearing before the court below the evidence clearly established the alleged violations, and licensees did not deny the violations charged other than that their employes were not authorized to make sales on Sundays.

The court below in modifying the board's order made no new findings of fact (see *Enlisted Men's Club of Trafford Liquor License Case,* 166 Pa. Superior Ct. 26, 30, 70 A. 2d 696), but stated in its opinion as follows:

"We find as a fact that they did sell and maintain gambling devices on the dates testified to by officers of the Pennsylvania Liquor Control Board and a State Policeman. We think, however, the penalty was severe inasmuch as the Commonwealth relies mainly on sales of June 25, 1956."

The testimony conclusively shows violations on Sunday May 20, and Sunday June 24, 1956, as found by the board. There is no basis for the statement of the court below that the Commonwealth relied mainly on sales for June 25, 1956. The court's belief that the penalty may have been too severe is also insufficient to support a reversal of the board's order. *Banterla Liquor License Case,* 166 Pa. Superior Ct. 544, 548, 72 A. 2d 602.

The licensees were responsible for the acts of their agents and employes even though there may have been no direct evidence that the licensees, although one was present, knew of such violations. *Southern Outing Club of Pittsburgh Liquor License Case,* 166 Pa. Superior Ct. 555, 72 A. 2d 600.

There is no need for discussion of licensees' moves, as set forth in their brief, to preclude appellate review of the order of the court. The appeal to this Court was properly taken within the statutory period. Moreover, the renewal of the license of the licensees for the term beginning February 1, 1957, and ending January 31, 1958, was made subject to the final decision of the court on the appeal from the board.

The order of the court below is reversed, and the order of the board is reinstated. Costs to be paid by appellees.

WATKINS, J., dissents.