## Barbato Liquor License Case.

Argued December 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George G. Lindsay*, Assistant Attorney General, with him *Russell C. Wismer*, Special Assistant Attorney General, *Horace A. Segelbaum*, Assistant Attorney General, and *Thomas D. McBride*, Attorney General, for Pennsylvania Liquor Control Board.

*Benjamin R. Donolow*, for licensees.

OPINION BY WRIGHT, J., March 18, 1959:

We are here concerned with two appeals from an order of the Court of Quarter Sessions of Philadelphia County, which order disposed of an appeal from the revocation by the Pennsylvania Liquor Control Board of restaurant liquor license R-6302 issued to Frank P. and Albert J. Barbato for premises at 1026 Wolf Street in the City of Philadelphia, and known as the Bomb Bomb Bar. The license in question was issued on November 1, 1955 and renewed on November 1, 1956.

On July 10, 1957, citations Nos. 813 and 814 were issued by the Board[1] averring (1) that the licensees permitted minors to frequent the premises and furnished liquor to minors; and (2) that the licensees aided in the appointment of, engagement for, and furtherance of acts of prostitution and permitted the licensed premises to be used for immoral purposes. Following a hearing on August 14, 1957, the Board, on November 7, 1957, entered an order that license R-6302 be revoked and the bond forfeited effective December 3, 1957. On November 20, 1957, the licensees appealed to the Court of Quarter Sessions of Philadelphia County. Following a hearing de novo on February 3, 1958, the court below, on June 11, 1958, entered an order directing that the penalty of revocation be changed to a suspension for a period of one hundred days (100) beginning July 14, 1958. From this order the Liquor Control Board appealed at No. 366 October Term 1958, and the licensees appealed at No. 367 October Term 1958. On July 8, 1958, the court below ordered that the appeals should operate as a supersedeas. On July 18, 1958, we refused a petition by the licensees to remand the record for the taking of additional testimony.

The principal witness relied upon by the Board[2] was Dorothy Kreitzer, born September 28, 1939. While the licensees contend that this witness was unworthy of belief, the court below, as to the second averment in

---

[1] "Mr. Donolow: If Your Honor pleases, I have just one inquiry I would like to make, for my own knowledge: Why were these made two citations when they were issued on the same date? Is there any difference? Mr. Wismer: There is a difference in the license period. One goes prior to October 31, 1956, which would be against the license then in effect, and the new license in Philadelphia starts on November 1, and it has been the policy of the Board to issue separate citations".

[2] "Mr. Wismer: Dorothy Kreitzer, that is the only one I presented to the Court".

the citations, was "of the opinion that she told the truth". We do not propose to detail her revolting testimony. In a proceeding such as this, it is sufficient if the offense be established by a preponderance of the evidence: *Summit Hill Rod and Gun Club Liquor License Case*, 184 Pa. Superior Ct. 584, 135 A. 2d 781. The weight and credibility of the testimony is for the lower court and not for the independent judgment of the appellate court: *Samson's Appeal*, 124 Pa. Superior Ct. 110, 188 A. 82. The appeal of the licensees at No. 367 October Term 1958 will therefore be dismissed.

Coming now to the appeal of the Board at No. 366 October Term 1958, it is true that the penalty to be imposed for violations by a retail dispenser licensee is to be determined by the Board and, in the absence of different findings of fact, the court may not change the penalty on appeal: *Reichwein Liquor License Case*, 160 Pa. Superior Ct. 71, 49 A. 2d 869; *Banterla Liquor License Case*, 166 Pa. Superior Ct. 544, 72 A. 2d 602. However, if there is a conflict in the evidence, as there is in the instant case, the court may make different findings of fact than those of the Board and, in such event, it may sustain or reverse the Board and impose a less or more severe penalty: *Fumea Liquor License Case*, 186 Pa. Superior Ct. 609, 142 A. 2d 326. And see *Mami's Liquor License Case*, 144 Pa. Superior Ct. 285. As to the first averment in the citations, the court below was "not fully and sufficiently satisfied that the evidence supported the conclusions that the appellants permitted minors to frequent the licensed premises and sold, furnished or gave liquor to such minors . . . We have concluded that the evidence failed to satisfactorily show a course of conduct on the part of the appellants of permitting the premises to be frequented by minors".

In order to sustain the Board's appeal it would be necessary for us to find that the hearing judge acted

in an arbitrary manner and capriciously disregarded competent evidence. See *Heights Fire Co. Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902. This we are unwilling to do on the instant record. While the Board argues that the court must have found that Dorothy Kreitzer, admittedly a minor, visited the licensed premises on at least three occasions, certainly the court below was not required to, and expressly did not, accept as credible her testimony with regard to the service of intoxicants. Without attempting to define the term "frequent" as it is used in the Liquor Code,[3] we are of the opinion that this record does not disclose error of law or abuse of discretion by the court below.

Order affirmed.

DISSENTING OPINION BY RHODES, P. J.:

I dissent from the majority opinion which affirms the court below. I am of the opinion that the court below was not justified in reversing the Liquor Control Board which had revoked the liquor license of the licensees. The board is deprived of essential control over such an establishment. It is significant that the majority opinion states: "While the licensees contend that this witness [Dorothy Kreitzer] was unworthy of belief, the court below, as to the second averment in the citations, was 'of the opinion that she told the truth.' We do not propose to detail her revolting testimony."

In my opinion the court below *did* act arbitrarily and the board's action should have been approved.

HIRT, J., joins in this dissent.

[3] Act of April 12, 1951, P. L. 90, Section 493 (14), 47 P.S. 4-493 (14).