## East End Social Club of Frankford Liquor License Case.

584

Argued September 13, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Russell C. Wismer,* Special Assistant Attorney General, with him *George G. Lindsay* and *Horace A. Segelbaum,* Assistant Attorneys General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Robert M. Borden,* with him *Alexander H. Borden,* for appellee.

OPINION BY WOODSIDE, J., November 16, 1960:

The Pennsylvania Liquor Control Board has appealed from an order of the Court of Quarter Sessions of Philadelphia reversing the board's order of revocation and substituting a suspension of the appellee's club liquor license.

In revoking the appellee's license the board found that "The licensed organization, by its servants, agents or employes sold liquor and/or malt or brewed beverages on the licensed premises to non-members, on April 26, 1959." This was the appellee's sixth violation. On October 31, 1942, it received a ten days suspension for maintaining gambling devices. Since then, its license was suspended in 1945, 1953, 1956 and 1957 for sales to non-members.

The court below found that Officer Alfred Haggerty a non-member "requested and was served two bottles of beer. He put money on the bar, which was taken by the bartender, but there was no evidence that such money was recorded or deposited in the cash register. Haggerty then left the club, and returned shortly thereafter, this time representing his desire to become a member. He was permitted to fill out a membership application and to enter the licensed premises once again. He requested and was served two more bottles of beer; again he put money on the bar, which money was taken by the bartender but as in the previous instance, there was no evidence to indicate such money was recorded or deposited in the cash register."

The court below believed that Haggerty gained admission by "falsely and deceptively telling the doorman that he was looking for a friend inside," and that "Rosenbloom, who was an officer of the club, overheard the conversation and, suspecting that something might be peculiar about Haggerty's admittance, instructed the bartender that if Haggerty attempted to

order any drinks, Haggerty was to be served as guest of Mr. Rosenbloom" and then left the club and did not thereafter return. Speculating on these facts, the court said, "the money which Haggerty left on the counter could very well have been appropriated by the bartender to his own use." The court felt a doubt that the facts established a sale, and found that "if there was it was contrary to the express instructions of the club officer on the scene." It, thereupon, concluded that the penalty imposed by the board was too severe, reversed the revocation, and substituted a sixty day suspension for the board's order.

For the reasons set forth by the late President Judge KELLER in *Pacewicz Liquor License Case,* 152 Pa. Superior Ct. 123, 127, 128, 31 A. 2d 361 (1943), it has long been settled that unless the findings of fact of the court below are different from those of the board, the penalties imposed by the board in the proper exercise of its discretion must stand. *Enlisted Men's Club of Trafford Liquor License Case,* 166 Pa. Superior Ct. 26, 29, 30, 70 A. 2d 696 (1950) ; *Banterla Liquor License Case,* 166 Pa. Superior Ct. 544, 72 A. 2d 602 (1950).

The court may not reduce the penalty imposed by the board solely because it thinks the penalty was too severe. *Homestead Social & Beneficial Society Appeal,* 169 Pa. Superior Ct. 593, 595, 84 A. 2d 265 (1951).

Where there is a conflict in the evidence, the court may impose a less or more severe penalty, if its findings of fact differ from those of the board. *Barbato Liquor License Case,* 188 Pa. Superior Ct. 548, 551, 149 A. 2d 539 (1959) ; *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 60, 121 A. 2d 902 (1956).

The court may not reduce the penalty by findings which differ from the board's only in the detailed cir-

cumstances of the violation. Only a change by the court in the basic findings of the board justify a change in the penalty. *Italian Citizens National Association of America Liquor License Case,* 178 Pa. Superior Ct. 213, 216, 217, 115 A. 2d 881 (1955).

In an exhaustive brief, counsel for appellee argues earnestly that the court here made findings of fact which differ sufficiently from those made by the board to authorize it to reduce the penalty. We think the variation between the findings of the court and the original findings of the board are without substance and afford no basis for modification of the board's order. See *Banterla Liquor License Case,* supra, 166 Pa. Superior Ct. 544, 547, 72 A. 2d 602 (1950).

The court properly found from the evidence that the witness was twice served beer for which he put money on the counter and which was taken by the bartender. This is the basic finding and is no different from that made by the board. That the enforcement officer may have been "deceptive" or unfair in the manner in which he gained admission to the licensed establishment is unimportant. *Italian Citizens National Association of America Liquor License Case,* supra, 178 Pa. Superior Ct. 213, 215, 115 A. 2d 881 (1955).

The court below is not permitted to reduce the penalty merely because it believed that an officer of the club instructed the bartender to serve Haggerty as his guest should Haggerty attempt to buy a drink. The licensee is responsible for the acts of its bartender, who took the money for the beer from the enforcement officer. *Fumea Liquor License Case,* 186 Pa. Superior Ct. 609, 614, 142 A. 2d 326 (1958); *McGrath v. Pa. Liquor Control Board,* 185 Pa. Superior Ct. 187, 190, 137 A. 2d 812 (1958); *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A. 2d 825 (1959). The board is not required to prove the money taken by the bartender

reached the licensee's treasury or even went into its cash register.

The board found the licensee sold to non-members. The findings of the court amount to the same thing. There is no variation in the basic findings. The more detailed findings of the court lack the substance which would be a basis for reducing the penalty imposed by the court.

Order of the court is reversed and the order of the board is reinstated.

GUNTHER, J., dissents.