Berarducci Liquor License Case.

Argued April 10, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*George G. Lindsay,* Assistant Attorney General, with him *Sherman K. Levine,* Special Assistant Attorney General, *Horace A. Segelbaum,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Robert H. Chase,* with him *James G. Hanes,* and *Chase, Fillinger, Hanes and Bifulco,* for appellees.

OPINION BY FLOOD, J., June 15, 1961:

The Liquor Control Board revoked the license of the appellees upon the grounds: (1) that they were not the only persons pecuniarily interested in the business; (2) one of the licensees and his employees aided and abetted prostitution, assignation on the premises and permitted rooms to be used for immoral purposes, etc.; (3) the licensee permitted minors to frequent the premises and they and their employees sold intoxicating liquors to them. The board in imposing the penalty of revocation took into consideration two previous suspensions of the license of appellee for occurrences in 1955 and 1956.

Upon appeal, the common pleas court reversed the finding that the appellees were not the only persons pecuniarily interested in the operation of the licensed business. John Gentile, the third person involved, had entered into a contract for the purchase of Edward Berarducci's interest in the licensed business. He was on the premises in December 1959 and January 1960 and helped out in various capacities and also was given the right to draw checks on the business account. The board drew from this the inference that he was pecuniarily interested in the business during this period. There is no conclusive evidence, however, that he had anything more than the prospective interest which his contract of purchase gave him. He got no salary. He received one payment of $50 just before Christmas,

about which Americo Berarducci, Edward's partner, was vague, but indicated that it was in the nature of a loan. He had no authority to hire or fire, according to the testimony, and when the board finally disapproved the transfer of the license to him, he promptly disappeared from the scene. He had put up $5,000 in escrow for the purchase and in some way this was made available to Edward Berarducci for the purpose of buying an interest in another licensed business. When the transfer to Gentile was disapproved, this money was repaid to him. It was testified that Edward Berarducci had to get the money to repay the $5,000 from his brother Americo by loan. Americo said he raised the money by mortgaging his home. Questions of credibility arise at many points in this picture. Certainly we cannot convict the court below of error in finding that this evidence did not prove that Gentile had a pecuniary interest in the business or was interested in it otherwise than as a prospective purchaser of Edward Berarducci's one-half interest.

Since the court below had sufficient ground for changing the finding as to pecuniary interest, it had the right to modify the penalty: *East End Social Club Liquor License Case*, 193 Pa. Superior Ct. 583, 165 A. 2d 253 (1960). The appellant argues that this modification from revocation to sixty days suspension was too great in view of the seriousness of the other offences and the prior suspensions as to Edward Berarducci. However, this matter is for the court below when it reverses the board's finding on a substantial matter (*Barbato Liquor License Case*, 188 Pa. Superior Ct. 548, 149 A. 2d 539 (1959)), and so long as the penalty is warranted by law, we have no right to reverse because we think it is either too severe or too light.

However, we do think that this penalty was not warranted by law in another respect. The court did

not merely reduce the penalty to a sixty day suspension. It reduced it to a sixty day suspension provided the transfer of the license to other persons was approved within the sixty days, the suspension to continue thereafter until a bona fide transfer is made in accordance with the regulations of the board. The court has no power to impose this condition as to transfer and since we are not at all sure that the court would have reduced the penalty to sixty days' suspension without this condition we are remanding the case to the court below for imposition of a proper penalty in accordance with this opinion.

Order reversed and record remanded for the imposition of a proper penalty in accordance with this opinion.