## Reis Enterprises, Inc., Appeal

*Mitchell S. Lipschutz*, for appellant.

*Russell C. Wismer*, for Commonwealth.

GRIFFITHS, J., February 9, 1962.—The Pennsylvania Liquor Control Board revoked the license of

appellant for two reasons: first, selling liquor after hours; and, second, falsifying the application for the license. We heard the evidence de novo, and, therefore, make our own basic findings of fact from the believable evidence: Act of April 12, 1951, P. L. 90, art. V, sec. 515; 47 PS §5—515.

Thomas Hallman, a Philadelphia police officer, testified that he entered the licensee's establishment on March 15, 1960, at 1:30 a. m. and left about 2:30 a. m. He testified he had a 1 ounce glass of Seagrams 7 at 1:30, 1:55, 2:02, 2:12, 2:17 and 2:26 a. m., and that other drinks were served to others after 2:00 a. m. He further testified that he checked the times with his wrist watch which he discarded about a year later because it ran fast. The bartender who served him, one Staino, testified that the officer arrived about 1:30 a. m. and drank 8 or 9 good 1½ ounce drinks of Seagrams 7, which he drank pretty quickly. He testified that after 2:00 a. m., he set some chasers up for people who had had drinks. The other bartender, one Diamond, testified that he left the bar promptly at 2:00 a. m., and changed his clothes. When he returned at 2:05 to 2:10, he saw no one being served or served thereafter. He further said that when the officer returned to make the arrest, he observed his condition and that his eyes were glary, and that he acted "high" and "hazy".

A criminal trial of defendants, accused of selling after hours, was held before the Honorable Theodore L. Riemel, on January 13, 1961, as of August term, 1960, no. 1518, of which we take judicial notice; and they were acquitted.

Our independent examination of the evidence before us does not lead us to a different conclusion than was reached in the criminal trial, although we realize the burden of proof placed upon the Commonwealth was heavier there than here.

From our observation of the witness Hallman, we cannot place confidence in his testimony. He did not appear to be sure of himself as he testified and we cannot base any findings of fact upon his testimony. This is quite understandable in view of all the imbibing of alcohol he himself testified he consumed in such a short period of time. This is not a situation where an officer poured the liquor into a water glass or ash tray, but he actually consumed it himself. We believe he was "high" and "hazy", as the bartender testified.

The second reason assigned by the board for the revocation pertains to one of the licensees, Lillian Reis, who was arrested on July 23, 1958, on a charge of operating a motor vehicle while under the influence of intoxicants. A true bill was found against her, September term, 1958, no. 1355, in this Judicial District, and she was acquitted by the Honorable Edward A. Kallick on February 13, 1959. In answering question 13 of the application for a license which calls for the arrest record, if any, of the applicant, this licensee stated "none", thereby falsifying her answer. Parenthetically, we note that the routine check up by the Philadelphia police of any possible arrest record did not disclose any and the license was issued. A subsequent investigation, however, after disclosure of certain other unfortunate incidents relating to this licensee, revealed the record.

The licensee herself, in explaining why she answered as she did, stated she was not actually taken into custody and, therefore, did not regard it as an arrest.

Had she regarded it otherwise, however, and disclosed it on her application, we cannot see how it would have materially changed the action on the application. An acquittal is a declaration of innocence. Under the circumstances, the Liquor Control Board could not have used it to deny her application. We believe a false answer on an application can properly be used

as a basis subsequently to revoke the license only when such false answer is material.

We realize there are serious charges of a criminal nature pending against this same licensee in another county. It is still the law that she is presumed innocent of these charges until she is proved guilty beyond a reasonable doubt. It is not the function of this court to impose guilt upon her or even to draw any unfavorable inferences by reason of such accusations. We must evaluate the evidence in the case and apply proper principles of law thereto, unfettered by extraneous and unrelated matters, and irrespective of what may be the waves of public opinion at the time or personal persuasions of some of our citizens.

By reason of our basic findings of fact, at complete variance with those of the Liquor Control Board, we vacate the order of the board: Heights Fire Co. Liquor License Case, 181 Pa. Superior Ct. 56, 60 (1956); Barbato Liquor License Case, 188 Pa. Superior Ct. 548, 551 (1959); East End Social Club Liquor License Case, 193 Pa. Superior Ct. 583, 586 (1960).

Therefore, we enter the following

### Order

And now, February 9, 1962, the order of the Pennsylvania Liquor Control Board, dated March 7, 1961, revoking Restaurant Liquor License No. TR-11130, effective April 4, 1961, issued to Reis Enterprises, Incorporated, for premises Nos. 254-256 South Juniper Street, known as "Celebrity Room", in the City and County of Philadelphia, is hereby reversed and the order vacated.