## Keenan Liquor License Case.

Argued March 21, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert H. Jordan,* Special Assistant Attorney General, with him *George G. Lindsay* and *Horace A. Segelbaum,* Assistant Attorneys General, and *David Stahl,*

Attorney General, for Pennsylvania Liquor Control Board, appellant.

*John J. Curran,* for appellees.

OPINION BY ERVIN, J., April 12, 1962:

Four minors testified before the Liquor Control Board that they had been served beer by the bartender in the licensed premises of the appellees. The Liquor Control Board found as facts: (1) That employes permitted minors to frequent the licensed premises on June 17, 1959; and (2) the licensees, their servants, agents or employes, sold, furnished and/or gave or permitted such sale, furnishing or giving of liquor and/or malt or brewed beverages to minors on June 17, 1959. The board also took into consideration the fact that the licensees had twice before suffered suspensions for permitting minors to frequent the licensed premises and for permitting sales of alcoholic beverages to minors. The board revoked the liquor license of the appellees. Upon appeal to the court below a de novo hearing was held, at which it was stipulated that 10 minors were present in the licensed premises on June 17, 1959 and that they were served a malt beverage while they were there. It was also stipulated that three other minors were present in the licensed premises on that date but were not served any malt beverages.

The court below made the following findings of fact: "1. That on June 17, 1959, the licensees did SERVE a malt beverage to minors.

"2. That on June 17, 1959, the licensees permitted minors to frequent the licensed premises.

"3. That on June 17, 1959, the licensees DID NOT SELL, furnish or give, or permit selling, furnishing or giving of liquor to minors."

The court below then entered an order affirming the board but reducing the revocation of license to a 30-day suspension. The board then took this appeal.

The board undoubtedly used the language "liquor and/or malt or brewed beverages" because of the language contained in §493 of the Act of 1951, P. L. 90, 47 PS §4-493(1), which provides that it shall be unlawful "(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished, or given, . . . to any minor. . . ."

We do not believe that the legislature intended by the use of the above language that the licensee selling beer and liquor to minors was more guilty than he who sold only beer or only liquor, or that the licensee who sold liquor to minors was more reprehensible than he who sold beer. The legislature, in our opinion, was endeavoring to prohibit the sale of any alcoholic beverages to minors.

The law involved in the present appeal was well stated by Judge WRIGHT in *Heights Fire Co. Liquor License Case,* 181 Pa. Superior Ct. 56, 60, 121 A. 2d 902, as follows: "The present appeal is in the nature of a certiorari in its broadest sense, and it is our function to determine whether there is evidence to support the order appealed from, and whether the court below committed an error of law or abused its discretion: *Mami's Liquor License Case,* 144 Pa. Superior Ct. 285, 19 A. 2d 549. The Court of Quarter Sessions 'does not have discretionary power to act in an arbitrary manner' in reversing an order of the Board: *Enlisted Men's Club of Trafford Liquor License Case,* 166 Pa. Superior Ct. 26, 70 A. 2d 696. While it may reverse the Board upon finding a different set of facts, *Philadelphia J-L Corporation Liquor License Case,* 166 Pa. Su-

perior Ct. 237, 70 A. 2d 698, it cannot find facts which are not supported by the evidence, nor may it capriciously disregard competent evidence of violations by the licensee: Janiro Liquor License Case, 163 Pa. Superior Ct. 398, 62 A. 2d 102."

There was no essential difference in the facts as found by the court below and the board. Both found (1) that on June 17, 1959 the licensees did serve a malt beverage to minors and (2) that on June 17, 1959 the licensees permitted minors to frequent the licensed premises. The court below, therefore, was not warranted in modifying the revocation of the license to a mere 30-day suspension of the license. On two prior occasions these licensees had suffered suspensions for similar offenses and the action of the board in revoking the license for a third offense was entirely proper.

The order of the court below is reversed and the order of the board is reinstated.