J-S45009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN A. VISTEIN, | |
| Appellant | No. 1061 WDA 2015 |

Appeal from the Judgment of Sentence of February 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002001-2014

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED JULY 13, 2016**

Appellant, John A. Vistein, appeals from the judgment of sentence entered on February 9, 2015, as made final by the denial of his post-sentence motion on June 22, 2015.  We affirm.

The factual background and procedural history of this case are as follows.  On January 9, 2014, Officer Shane McGrath assisted in evicting Appellant from his apartment.  Appellant was not present during the eviction.  Instead, Appellant's friend, Jennifer Corr-Schantz ("Corr-Schantz") was present and removed Appellant's property from the apartment.  Corr-Schantz refused to take a binder of approximately 50 DVDs with her as she believed they were stolen.

Officer McGrath recovered the DVDs along with empty Family Video DVD cases.  The manager of a local Family Video, Meghan Zaczaiewicz

* Retired Senior Judge assigned to the Superior Court

("Zaczaiewicz") confirmed that at least 17 of the DVDs recovered from Appellant's apartment were stolen from that Family Video store.

On May 6, 2014, Appellant was charged via criminal information with retail theft,[1] receiving stolen property,[2] and two counts of invasion of privacy.[3] At the conclusion of a bench trial on November 14, 2014, the trial court found Appellant guilty of retail theft and receiving stolen property. After the guilty verdict was announced, Appellant pled guilty to the two invasion of privacy charges. On February 9, 2015, the trial court sentenced Appellant to an aggregate term of two to four years' imprisonment. On February 18, 2015, Appellant filed a post-sentence motion. On June 22, 2015, the trial court denied the post-sentence motion. This timely appeal followed.[4]

Appellant presents three issues for our review:

1. [Was the evidence sufficient to find Appellant guilty of] retail theft, despite all witnesses testifying that they did not know how Appellant came into possession of the DVDs?

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 3925(a).

[3] 18 Pa.C.S.A. § 7507.1(a)(1).

[4] On July 27, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On August 17, 2015, Appellant filed his concise statement. On January 25, 2016, the trial court issued its Rule 1925(a) opinion. Appellant included all issues raised on appeal in his concise statement.

2. [Was the evidence sufficient to find Appellant guilty of] receiving stolen property, as the Commonwealth failed to prove that [Appellant] had knowledge or believed that the DVDs were stolen?

3. Did the [t]rial [c]ourt commit[] a legal error in overruling [Appellant]'s objection to hearsay, allowing [] Corr-Schantz to testify that "I stated that I knew [] the DVDs were stolen" to prove the truth of the matter asserted?

Appellant's Brief at 5.

In his first two issues, Appellant challenges the sufficiency of the evidence. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Tejada*, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). "When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.]" *Commonwealth v. Haney*, 131 A.3d 24, 33 (Pa. 2015) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Coleman*, 130 A.3d 38, 41 (Pa. Super. 2015) (internal quotation marks and citation omitted).

In his first issue, Appellant argues that the evidence was insufficient to find him guilty of retail theft. Specifically, Appellant argues that the

evidence was insufficient to prove that he took possession of, carried away, transferred, or caused to be carried away the DVDs from Family Video. **See** 18 Pa.C.S.A. § 3929(a)(1) (defining the offense of retail theft). He argues that because no witness at trial testified that they saw him leave the store with the DVDs, the evidence was insufficient to convict him of retail theft.

Appellant concedes that at least 17 stolen DVDs were recovered from his apartment. Appellant's Brief at 13. At trial, Corr-Schantz testified that Appellant admitted stealing the DVDs found in his apartment. Although she did not identify the exact DVDs Appellant admitted to stealing, her testimony clearly indicated that Appellant admitted stealing all of the DVDs recovered from his apartment – including the 17 Zaczaiewicz testified were stolen from the Family Video that she managed. It was not necessary for Corr-Santz to identify all 17 DVDs by name. Instead, Corr-Schantz's and Zaczaiewicz's testimony, taken together, sufficiently proved that Appellant stole the 17 DVDs Zaczaiewicz identified.

Furthermore, Zaczaiewicz testified that Appellant was a frequent customer and used the restroom often. She testified that Appellant took his backpack into the restroom with him on several occasions. A reasonable inference from this testimony is that Appellant placed the DVDs in his backpack while using the restroom and then left the Family Video without paying for those DVDs. This inference is supported by Corr-Schantz's testimony that Appellant admitted to this method of stealing DVDs. It is

well-settled that "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Eichler***, 133 A.3d 775, 787 (Pa. Super. 2016) (citation omitted). In this case, the evidence presented at trial was sufficient to prove beyond a reasonable doubt that Appellant stole the DVDs from Family Video.

In his second issue, Appellant argues that the evidence was insufficient to convict him of receiving stolen property. Appellant argues that he did not possess the stolen DVDs "with knowledge or belief that [they] were probably stolen[.]" ***Commonwealth v. Nero***, 58 A.3d 802, 807 (Pa. Super. 2012), *appeal denied*, 72 A.2d 602 (Pa. 2013) (citation omitted). Appellant's entire argument with respect to the receiving stolen property charge assumes that there was insufficient evidence to prove that he removed the DVDs from Family Video. ***See*** Appellant's Brief at 14. As noted above, we conclude that there was sufficient evidence Appellant removed the DVDs from Family Video. Accordingly, the evidence was sufficient to convict him of receiving stolen property as he knew the DVDs were stolen.

Finally, Appellant argues that the trial court erred in admitting Corr-Schantz's statement to police. Specifically, Appellant argues that Corr-Schantz's testimony, which repeated a statement she made to police, was hearsay. In that statement, Corr-Schantz told police that Appellant confessed to stealing the DVDs. "[W]hen we review a trial court's ruling on

admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law." ***Commonwealth v. Tyack***, 128 A.3d 254, 257 (Pa. Super. 2015) (citation omitted).

Hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.Evid. 801(c). In this case, Corr-Schantz's statement was not offered for the truth of the matter asserted. This is made evident by reviewing the entirety of her testimony. Prior to repeating the statement she made to police, Corr-Schantz testified that Appellant admitted that he stole the DVDs. N.T., 2/9/15, at 19-20. It was this testimony that was offered for the truth of the matter asserted, *i.e.*, that Appellant admitted to stealing the DVDs. As an admission by a party, this testimony was admissible hearsay. ***See*** Pa.R.Evid. 803(25)(a). Corr-Schantz's testimony that she then relayed Appellant's admission to police was merely offered to explain her, and Officer McGrath's, course of conduct, *i.e.*, refusing to remove the DVDs and going to the Family Video store and questioning Zaczaiewicz. Such course of conduct testimony is not hearsay. ***See Commonwealth v. Rega***, 933 A.2d 997, 1017 (Pa. 2007) (citation omitted). Accordingly, the trial court did not abuse its discretion in overruling Appellant's hearsay objection.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016