## Janiro Liquor License Case.

Argued October 5, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Horace A. Segelbaum*, Deputy Attorney General, with him *Andrew G. Uncapher*, Special Deputy Attorney General, and *T. McKeen Chidsey*, Attorney General, for appellant.

*Edward A. Tobias*, with him *Tobias & Weilersbacher*, for appellee.

*Charles Janiro*, in propria persona.

PER CURIAM, November 9, 1948:

This is an appeal by the Pennsylvania Liquor Control Board from the order of the Court of Quarter Sessions of Westmoreland County reversing the action of the board in revoking appellee's restaurant liquor license.

The board issued citations to Charles Janiro, appellee-licensee to show cause why the restaurant liquor license issued to him for premises No. 102 Main Street, in the Borough of Irwin, County of Westmoreland, should not be revoked. Appellee filed with the board a waiver of hearing required by the Liquor Control Act, admitted all the violations averred in the citations, and

consented to the entry of a decree without a hearing. In the filing of the waiver the execution thereof by appellee was witnessed by an attorney who appeared as his counsel at the hearing in the court below. In the petition for appeal to the court of quarter sessions he unequivocally stated that he had filed with the board a waiver of notice and hearing, and the violations charged against him and found by the board were not therein denied.

Appellee having consented to the entry of a decree without a hearing, the board found that appellee had violated the Pennsylvania Liquor Control Act and the provisions of The Penal Code relating to gambling, in the following respects: (1) Sales to visibly intoxicated persons; (2) maintained gambling devices and permitted gambling on the licensed premises; (3) sales on Sunday; (4) permitted minors to frequent the licensed premises; (5) sales to minors; (6) permitted a female to serve liquor and malt or brewed beverages behind the bar; (7) the licensed establishment was not a bona fide restaurant habitually and principally used for the purpose of providing food for the public; (8) permitted employees to contact and/or associate with patrons on the licensed premises.

After hearing before the court of quarter sessions, the action of the board in revoking appellee's license was overruled and set aside.

There was sufficient competent evidence presented by the board at the hearing in the court below to sustain every finding which the board had made. The testimony as to the violations was not denied by appellee at the hearing. He was present when some of the violations were committed, and his employees who were present at the other times were not called.

The court below in reversing the board's order made no material or relevant findings of fact, which were supported by evidence, that differed from those found by the board. The court cannot find facts on such a hearing

which are not supported by the evidence, and if the board's findings are consequently unchanged the penalty imposed by the board must stand. *Andracchio Liquor License Case,* 160 Pa. Superior Ct. 74, 77, 49 A. 2d 843.

The court below in its opinion sustaining the appeal and reversing the board stated that appellee did not know what he was signing when he waived his hearing. This finding, if material and relevant, has no support in the evidence and is contrary to appellee's own testimony. Appellee testified: "Q. When you were first cited I believe you waived hearing, didn't you, before the Liquor Control Board? A. That is right. Q. Did you at that time realize the effect of your waiver—that is, the signing of this waiver? A. Yes, sir." Although reference is made in appellant's argument to the possible effect of such a waiver, the question has not been raised at any stage of the proceedings, and appellant joined in the hearing de novo before the court below.

The court below in its opinion further stated that the offenses with which appellee had been charged seemed to have happened while he was not present at his place of business. This statement "seems to be based upon the erroneous assumption that a license may not be legally revoked for violations of our liquor laws by bartenders and waitresses employed by the licensee, except upon direct evidence of knowledge upon his part of the violations." *Easton's Liquor License Case,* 142 Pa. Superior Ct. 49, 50, 15 A. 2d 480.

In referring to the serving of food, the court below stated that appellee "had food in his establishment, and that it was the kind of food that his patrons desired." If this was intended as a finding that appellee operated a restaurant as defined in section 2 of the Act of November 29, 1933, P. L. 15, as reënacted and amended, 47 PS §744-2, it would not have sufficient support in the evidence. There is nothing whatsoever in the record to indicate that appellee's establishment was "habitually and principally used for the purpose of providing food

for the public." The evidence shows that it was not so used.

Some reference is made by the court below to the testimony given by the minors in this case. Their testimony as to frequenting the licensed premises and purchasing intoxicants is uncontradicted. The court indicates that their testimony is not to be given much weight. Nevertheless, the court has made no finding that minors did not frequent the licensed premises or that sales were not made to minors as established by the testimony given.

The court below in its opinion does not mention or discuss the numerous violations charged and found by the board, which were shown by the uncontradicted testimony. We think the reversal of the board by the court below on the record before it was unwarranted without finding new and different facts from those found by the board. The court of quarter sessions cannot capriciously disregard competent evidence of violations presented in a hearing before it and reverse the action of the board. Although such a proceeding is an administrative one, the court of quarter sessions does not have discretionary power to act in an arbitrary manner.

The order of the court below is reversed, and the order of the board reinstated, at appellee's costs.