Per Curiam,
 

 The Pennsylvania Liquor Control Board has appealed from an order of the County Court of Allegheny County modifying the original order of the Board revoking the club liquor license of the Southern Outing Club of Pittsburgh and providing that the said license should be suspended for a ninety-day period. In support of the modification, the court below did not make any new findings of fact, after hearing de novo, in addition to, or differing from, the findings of fact incorporated by the Board in its opinion and order effective March 11, 1919. The latter may be summarized briefly: (1) The licensed organization, by its servants, agents, or em-' ployes, sold liquor and/or malt or brewed beverages on the licensed premises to non-members; (2) sold, furnished and/or gave liquor and/or malt or brewed beverages between the hours of three o’clock antemeridian and seven o’clock antemeridian; and (3) sold malt or brewed beverages for consumption off the licensed premises. See Act of November 29, 1933, P. L. 15, as reenacted and amended, 17 PS §§711-111, 711-112, 711-602. In addition, the Board found that the licensee had been cited on four prior occasions, as the result of which the respective licenses were suspended for periods of sixty to ninety days. See
 
 Turner v. Pennsylvania Liquor Control Board,
 
 161 Pa. Superior Ct. 16, 19, 53 A. 2d 819.
 

 The lower court based its action in modifying the Board’s order upon the statement set forth in the opinion as follows: “We are not in agreement, however, with the Liquor Control Board that the officers of the Club condoned or had knowledge of this violation, and we cannot supply this on pure conjecture. . .. Therefore, we cannot find as a fact that the Club, through its officers, was specifically guilty, although we are entirely mindful of the fact that they are responsible for the actions of their employees ...” A licensee is resuonsible for the acts of its agents and employes, and may not pre
 
 *557
 
 vent the revocation of the license by endeavoring to place the blame for violations of the liquor laws upon them.
 
 Easton’s Liquor License Case,
 
 142 Pa. Superior Ct. 49, 50, 15 A. 2d 480;
 
 Martin’s Grill, Inc. Liquor License Case,
 
 149 Pa. Superior Ct. 185, 188, 27 A. 2d 293;
 
 Lande Liquor License Case,
 
 163 Pa. Superior Ct. 365, 367, 368, 62 A. 2d 101. The license may be revoked for violations committed by the employes even though there is no direct evidence that the licensee knew of such violations.
 
 Janiro Liquor License Case,
 
 163 Pa. Superior Ct. 398, 401, 62 A. 2d 102. This case comes within the general rule, applicable to appeals from orders of the Pennsylvania Liquor Control Board imposing penalties for violations of the law, that unless the court’s findings of fact after hearing de novo are different from those of the Board the penalties imposed by the Board in the proper exercise of its discretion must stand.
 
 Enlisted Men’s Club of Trafford Liquor License Case,
 
 166 Pa. Superior Ct. 26, 30, 70 A. 2d 696.
 

 The order of the court below is reversed, and the order of the Board is reinstated. Costs to be paid .by appellee.