**Lithuanian Workers Branch No. 142 Appeal**

*John F. Gloeckner*, for appellant.

*John E. Caputo*, for appellee.

GUFFEY, J., November 17, 1960.—At trial before this court on October 17, 1960, the testimony taken before the board was admitted by stipulation and additional testimony was taken to the effect that the licensee had no knowledge of the wrongful acts of the

employe. In its brief, appellant makes the additional points that the employe, Stanley Danemas, was indicted and convicted in Federal court, Western District of Pennsylvania, for adulterating the liquor, whereas the association, which had also been indicted, was not convicted, the indictment being nolle prossed. It is appellant's contention that the doctrine of respondeat superior has no application in this case, as the act of the employe was criminal in nature and not imputable to the employer. We cannot agree with this view.

Cases under the Liquor Code are in a distinct category and the rules of criminal law and agency are not applied in the usual manner. Under the Liquor Code, the legislature has deemed it wise to extend the doctrine of respondeat superior to a class of criminal and quasi-criminal actions for the fuller protection of the general welfare. This view has been fully supported by appellate courts. A licensee is responsible for the acts of his agents and employes, and may not prevent the revocation of the license by endeavoring to place the blame for violations upon them: Fumea Liquor License Case, 186 Pa. Superior Ct. 609; Southern Outing Club of Pittsburgh Liquor License Case, 166 Pa. Superior Ct. 555.

The conduct of the liquor business is lawful only to the extent and manner permitted by statute and individuals who embark on such an enterprise do so with knowledge of considerable peril, since their actions are rigidly circumscribed by the Liquor Code. A licensee is under a duty not only to regulate his own personal conduct but also to control the acts and conduct of any employe to whom he entrusts the sale of liquor. The sale of adulterated liquor and the refilling of bottles is specifically prohibited by the Liquor Code of April 12, 1951, P. L. 90, and the illegality of these acts as to the licensee is not dependent upon his knowledge

or criminal intent. The intent of the legislature in enacting this code was not only to eliminate the common law requirement of mens rea, but also to place a very high degree of responsibility upon the holder of a liquor license to make certain that neither he nor any one in his employ commit any of the prohibited acts upon the licensed premises: Commonwealth v. Koczwara, 397 Pa. 575 (1959).

The citation of the board is sustained by the evidence and there is clearly no abuse of discretion in the imposition of the penalty. We therefore affirm the decision of the board and dismiss the appeal.

### Order of Court

And now, November 17, 1960, after hearing and consideration of all the evidence taken de novo the appeal of the Association of Lithuanian Workers Branch No. 142 of Pittsburgh, Pa., is dismissed and appellant's Club Liquor License no. C-3327 at 3351 West Carson Street, in the City of Pittsburgh, Allegheny County, is suspended for a period of 20 days commencing November 28, 1960; appellant to pay the costs.