## Bayer Liquor License Case.

Argued March 5, 1963.  Before Rhodes, P. J., Er-
vin, Wright, Woodside, Watkins, Montgomery, and
Flood, JJ.

*George G. Lindsay*, Assistant Attorney General, with him *Clement J. Reap*, Special Assistant Attorney General, and *David Stahl*, Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Joseph V. Kasper*, for appellee.

OPINION BY WRIGHT, J., March 19, 1963:

On October 19, 1961, the Pennsylvania Liquor Control Board entered an order suspending the restaurant liquor license of Robert D. Bayer for a period of twenty days. The order was based upon the following findings of fact: "1. The licensee, his servants, agents or employes permitted gambling on the licensed premises on October 8, 1960. 2. The licensee, his servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or patrons on Sunday, October 9, 1960". The licensee appealed to the Court of Quarter Sessions of Luzerne County. The appeal was subsequently withdrawn as to the second finding, and pursued only in connection with the first finding. After hearing de novo, the court below sustained the appeal as to the first finding, and modified the suspension from twenty days to ten days. The Board has appealed to this court.

There is no dispute as to the facts. The record discloses that on the date in question the bartender at the licensee's establishment, Joseph Kulvinski, sold a treasury balance ticket to one of the Board's investigators, and that he sold two such tickets to another unidentified person. The bartender was subsequently arrested, and pleaded guilty to the sale of lottery tickets. The licensee testified that he was not present at the time, and that he had no knowledge of the sale of lottery tickets on the premises. Kulvinski testified that he was a substitute bartender for the licensee's father, that he relieved the father several times a week, that

this was the only occasion on which he had sold lottery tickets on the premises, and that the licensee was unaware of the sale.

The learned judge of the court below recognized that a licensee must assume responsibility for violations by his employes, citing *Lande Liquor License Case,* 163 Pa. Superior Ct. 365, 62 A. 2d 101. However, he took the position that Kulvinski "was not a professional gambler as such, but one who occasionally peddled lottery tickets in small numbers of six or eight, rather mischievously". He concluded that "although technically a sale of a lottery ticket or tickets was consummated on the premises . . . the licensee acted in such a manner as not to be penalized for an offense of which he had no knowledge and certainly of little gravity". The court of quarter sessions may not reduce the period of suspension imposed by the Board simply because it thinks the penalty was too severe: *East End Social Club Liquor License Case,* 193 Pa. Superior Ct. 583, 165 A. 2d 253. Nor may it capriciously disregard competent evidence of violations of the law: *Janiro Liquor License Case,* 163 Pa. Superior Ct. 398, 62 A. 2d 102. See also *Heights Fire Company Liquor License Case,* 181 Pa. Superior Ct. 56, 121 A. 2d 902.

We perceive no merit in appellee's argument, also mentioned in the opinion below, that there is a distinction between a violation of the Liquor Code and a violation of The Penal Code. It is conceded that knowledge on the part of the licensee need not be established if the employe's violation is one of the unlawful acts set forth in Section 493 of the Liquor Code. Act of April 12, 1951, P. L. 90, Section 493, 47 P.S. 4-493. However, it is argued that Kulvinski's conduct was a violation of Section 607 of The Penal Code, Act of June 24, 1939, P. L. 872, Section 607, 18 P.S. §4607, and that the licensee could not have been convicted under that section without proof of guilty knowledge. The

answer is that the instant proceeding is not a criminal prosecution, but the imposition of a civil sanction. A liquor license may be suspended or revoked for violations of the law by employes even though there is no evidence that the licensee knew of such violations: *McGrath v. Pennsylvania Liquor Control Board*, 185 Pa. Superior Ct. 187, 137 A. 2d 812; *Fumea Liquor License Case*, 186 Pa. Superior Ct. 609, 142 A. 2d 326; *Commonwealth v. Koczwara*, 188 Pa. Superior Ct. 153, 146 A. 2d 306; affirmed 397 Pa. 575, 155 A. 2d 825; *Lithuanian Workers Association Liquor License Case*, 195 Pa. Superior Ct. 186, 171 A. 2d 644.

The order of the court below is reversed, and the order of the Board is reinstated.