## Sepesy Liquor License Case.

Argued November 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Charles M. Marshall,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Edward Friedman,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Oliver N. Hormell,* for appellee.

OPINION BY WRIGHT, J., December 16, 1966:

On February 5, 1964, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of ten days the restaurant liquor license issued to George Sepesy for Sepesy's Tavern at 240 Wood Street, California, Pennsylvania. This order was based on the following finding of fact: "The licensee, his servants, agents or employes refilled State Store liquor bottles on January 15, 1963". The licensee appealed to the Court of Quarter Sessions of Washington County. On April 15, 1966, that tribunal entered an order reversing the action of the Board. This appeal followed.

Section 491 of the Liquor Code reads in pertinent part as follows: "It shall be unlawful . . . (10) For any licensee or any employe or agent of a licensee or of the board, to fortify, adulterate or contaminate any liquor, except as permitted by the regulations of the

board, or to refill wholly or in part, with any liquid or substance whatsoever, any liquor bottle or other liquor container". Act of April 12, 1951, P. L. 90, as amended, 47 P.S. 4-491.

The record reveals that two of the Board's enforcement examiners visited the licensed premises on January 15, 1963, and seized a number of liquor bottles. The examiners testified that these bottles were sealed and labeled in the presence of the licensee, and a receipt given to him. The chief chemist for the Board testified that chemical analysis disclosed that four of the bottles seized did not contain the whiskey indicated, and had been refilled with another brand. The licensee called two witnesses who testified that the bottles seized had not been sealed by the enforcement examiners. The hearing judge took the position that sealing of the bottles was "one of the important facts of this case. We feel that there is considerable doubt that these bottles were sealed before they were carried out of the tavern that day". He therefore concluded that the Board had failed to prove its case.

The controlling factor requiring reversal of the court below is that, as to the basic issue involved, the hearing judge did not make a finding different from that of the Board. Assuming arguendo that the hearing judge impliedly found that the bottles seized had not been sealed, he made no finding that the bottles seized had not been refilled, nor could he have properly made such a finding on this record. The reviewing court may not capriciously disregard competent evidence of violations by the licensee: *Maple Liquor License Case*, 207 Pa. Superior Ct. 237, 217 A. 2d 859. Unless the basic findings of fact of the court below are different from those of the Board, the penalty imposed by the Board in the proper exercise of its discretion must stand: *East End Social Club of Frankford Liquor License Case*, 193 Pa. Superior Ct. 583, 165 A. 2d

253. The instant record contains sufficient uncontradicted legally competent evidence to sustain the Board's finding. Cf. *Bayer Liquor License Case,* 200 Pa. Superior Ct. 210, 188 A. 2d 819.

The order of the court below is reversed, and the order of the Board is reinstated.