## Dubin Liquor License Case.

Argued June 20, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Lawrence Langan,* Assistant Attorney General, with him *James Iannucci* and *I. Harry Checchio,* Special Assistant Attorneys General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*George D. Kline,* with him *Morton Kline,* for appellee.

Opinion by Wright, J., September 14, 1967:

On September 3, 1965, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of fifty days the restaurant liquor license issued to Nathan Dubin for premises known as the Cozy Corner Bar, 765 North 20th Street in the City of Philadelphia. This order was based upon the following finding of fact: "The licensee's servants, agents or employes, engaged in traffic in narcotics on the licensed premises, on November 8, 1963". The licensee appealed to the Court of Quarter Sessions of Philadelphia County, which entered an order, January 24, 1967, reversing the suspension. The Board has appealed to this court.

The record discloses that the Cozy Corner Bar was under investigation during the months of October and November 1963. A city police officer discussed with the bartender, November 8, 1963, the purchase of a quantity of marijuana. "At the time he told me his man would be through later in the evening. The bartender told me that it was five dollars for a bag. I gave the bartender ten dollars at the time . . . Later the bartender told me that my man was at the door with the bag, and he took out . . . five dollars from the ten dollar bill, with the knowledge that this was the five dollars for the bag. At this time he motioned me to the door. He said, 'There's your man over there' ". The man in question, one Willie Harris, handed the officer a manila envelope containing a loose weed, which later proved to be marijuana. Nathan Dubin was not present at the time. He testified that he had no knowledge of the sale of narcotics in his establishment until the bartender's arrest.

The learned hearing judge reasoned that "the alleged violation must be concluded to have been an isolated incident which was participated in by the appellant-licensee's employee at a time when the appellant-licensee was absent from the premises", citing inter alia *Young Men's Republican Club License Case,* 125 Pa. Superior Ct. 486, 190 A. 527. Any language in that case which might tend to support the reasoning below is herewith expressly repudiated. It is well settled law that a liquor license may be suspended or revoked for a violation by an employe without proof of a pattern of activity and despite the absence of evidence that the licensee had personal knowledge of the violation: *Bayer Liquor License Case,* 200 Pa. Superior Ct. 210, 188 A. 2d 819.

The holder of a liquor license is under a duty not only to regulate his own personal conduct in a manner consistent with the permit he has received, but also to

control the acts and conduct of his employes: *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A. 2d 139. A licensee may not prevent the revocation or suspension of his license by endeavoring to place the responsibility for violations of the law upon his employes: *Lande Liquor License Case,* 163 Pa. Superior Ct. 365, 62 A. 2d 101; *Southern Outing Club of Pittsburgh Liquor License Case,* 166 Pa. Superior Ct. 555, 72 A. 2d 600. The court of quarter sessions may not capriciously disregard competent evidence of violations of the law: *Sepesy Liquor License Case,* 209 Pa. Superior Ct. 130, 225 A. 2d 96; *Maple Liquor License Case,* 207 Pa. Superior Ct. 237, 217 A. 2d 859; *Janiro Liquor License Case,* 163 Pa. Superior Ct. 398, 62 A. 2d 102.

The order of the court below is reversed, and the order of the Board is reinstated.