## Sobel Liquor License Case.

Argued September 12, 1967.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Franchot Golub,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney

General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Ronald N. Rutenberg,* with him *Rutenberg, Rutenberg & Rutenberg,* for appellee.

OPINION BY WRIGHT, J., November 16, 1967:

On December 14, 1966, after hearing, the Pennsylvania Liquor Control Board entered an order suspending for a period of thirty days the restaurant liquor license issued to Ada Sobel, Incorporated, for premises at 5345 Wyalusing Avenue in the City of Philadelphia. This order was based upon the following finding of fact: "The licensee, by its servants, agents or employes aided, abetted and engaged in the traffic in narcotics on the licensed premises and/or permitted the use of the licensed premises in the furtherance of the traffic in or use of narcotics". The Board also had before it the record of a prior suspension for maintaining gambling devices. The licensee appealed to the Court of Quarter Sessions of Philadelphia County, which entered an order, May 24, 1967, reversing the suspension. The Board has appealed to this court.

This matter was submitted in the court below on the testimony presented at the hearing before the Board's examiner. The record of that hearing, May 3, 1966, discloses that a member of the Philadelphia Police Department visited the licensed premises on April 27, June 19, July 22, and September 10, 1965, on each of which visits he purchased from the bartender an envelope containing a loose weed. Chemical analysis revealed the contents of the envelopes to be marijuana prepared for smoking. The officer's testimony was uncontradicted, and fully warranted the order of suspension: *Dubin Liquor License Case,* 210 Pa. Superior Ct. 346, 234 A. 2d 7. See also *1742 Bar, Incorporated*

*Liquor License Case,* 207 Pa. Superior Ct. 755, 216 A. 2d 108.

The learned hearing judge reasoned that "the transactions were very secretive" and did not establish a "pattern of open sales", that no evidence was adduced of knowledge by the licensee, and that the violations were of The Penal Code rather than of the Liquor Code. In *Bayer Liquor License Case,* 200 Pa. Superior Ct. 210, 188 A. 2d 819, we expressly rejected the contention that a distinction should be made between a violation of the Liquor Code and a violation of The Penal Code. In *Dubin Liquor License Case,* supra, 210 Pa. Superior Ct. 346, 234 A. 2d 7, we held that a liquor license may be suspended or revoked for a violation by an employe without proof of a pattern of activity and despite the absence of evidence that the licensee had personal knowledge thereof. It is readily apparent that the Board's order should not have been disturbed.

The order of the court below is reversed and the order of the Board is reinstated.