## Sobel Liquor License Case.

Argued June 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Albert B. Miller,* Special Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Ronald N. Rutenberg,* with him *Harry A. Rutenberg,* and *Rutenberg, Rutenberg, Rutenberg and Rutenberg,* for appellee.

Opinion by Wright, P. J., September 18, 1970:

This appeal is a sequel to *Sobel Liquor License Case,* 211 Pa. Superior Ct. 129, 235 A. 2d 623. That case involved an appeal by the Board from an order of the court below reversing a thirty day suspension which the Board based on its finding that the licensee had permitted use of the premises in the furtherance of narcotics traffic. On November 16, 1967, we reversed the court below and reinstated the Board's decision. On December 31, 1967, our Supreme Court refused allocatur.

Thereafter, January 22, 1968, the licensee petitioned the court below to reconsider the appeal on the ground that the Board's original citation averred violations on April 27, May 13, June 19, July 22, and September 10, 1965, whereas there was no evidence adduced as to a violation on May 13, 1965. The court below, September 25, 1968, granted this petition. On October 17, 1969, the licensee's appeal as to the one date, May 13, 1965, was sustained. The court below again vacated the Board's suspension, and ordered payment of a $250.00 fine. The Board has appealed.

We find no justification whatever for reconsideration by the lower court. In the first place, the fact that violations occurred on four dates instead of five is not a "significant and material" change in the basis for the Board's action. Cf. *Noonday Club of Delaware County, Inc. Liquor License Case,* 433 Pa. 458, 252 A. 2d 568. In the second place, this court was fully aware in our consideration of the prior appeal that proof was lacking as to a violation on May 13, 1965. An examination of our opinion will reveal that only four dates, not including May 13, 1965, were mentioned therein. It is clear that the court below erred in disturbing our prior order.

The order of the court below is reversed and the Board's order of December 14, 1966, is again reinstated.