## Yugovich Liquor License Case.

Argued November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*James Victor Voss,* with him *Neely and Voss,* for licensees, appellants.

*Albert B. Miller,* Special Assistant Attorney General, with him *Thomas J. Shannon,* Assistant Attorney General, and *Fred Speaker,* Attorney General, for Commonwealth, appellant.

OPINION BY WRIGHT, P. J., December 10, 1970:

On April 10, 1970, after hearing on citation No. 1813 for 1969, the Pennsylvania Liquor Control Board entered an order imposing a fine of One Hundred ($100.00) Dollars upon Paul J. and Agatha P. Yugo-

vich, trading as Midway Beverage Company. This order was based upon the following finding of fact: "The licensees, their servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of malt or brewed beverages to minors, on August 30, September 6, 13, 1969". The licensees appealed to the Court of Common Pleas of Allegheny County, which tribunal entered an order, July 7, 1970, imposing a fine of Fifty ($50.00) Dollars. Both the Board and the licensees have appealed to this court.

At the hearing before the court below, May 25, 1970, Stephen Destefano, then aged 18 years, testified that he purchased a case of beer from Paul J. Yugovich on the evenings of August 30, 1969, September 6, 1969, and September 13, 1969. This testimony was denied by Paul J. Yugovich, in which denial he was supported by his son, John P. Yugovich, and his wife, Agatha P. Yugovich. The court below found "the testimony of the minor witness to be credible", and that sales were made to the minor "on August 30, 1969, and September 13, 1969, and on one other occasion". In view of this finding there was no justification for a reduction in the fine, and the order of the Board should not have been disturbed. A lower court may change the penalty imposed by the Board "only when it has made significant and material changes in the findings of the Board": *Noonday Club of Delaware County, Inc. Liquor License Case*, 433 Pa. 458, 252 A. 2d 568. And see *Sobel Liquor License Case*, 217 Pa. Superior Ct. 130, 269 A. 2d 515.

In their appeal, the licensees assert that the lower court did not err in reducing the fine because it found that sales occurred on only two of the dates set forth by the Board. However, the fact that the court below did not expressly mention a sale on September 6, 1969, is not a material change in the light of its finding that

a sale occurred "on one other occasion". The net result is that both the Board and the court below found that there were three sales. The licensees also question the sufficiency of the evidence. Our examination of the record discloses that the evidence amply supports the finding of the court below.

The order of the court below is vacated and the order of the Board is reinstated.