Bonner's Cafe, Inc. *v.* Liquor Control Board.

Argued October 8, 1971, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*John J. McCreesh, III,* with him *McCreesh & McCreesh,* for appellant.

*Alexander J. Jaffurs,* Chief Counsel, with him *J. Leonard Langan,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 13, 1971:

This appeal was taken by Bonner's Cafe, Inc. from an order of the Court of Common Pleas of Delaware County sustaining the Pennsylvania Liquor Control Board's imposition of a fine for violation of The Liquor Code.

The Board found that the appellant, by its servants, agents or employes, sold liquor and beer on Sunday, in violation of Section 493(16) of The Liquor Code, Act of 1951, April 12, P. L. 90, 47 P.S. 4-493(16).

The hearing de novo was conducted by Judge ED-WIN E. LIPPINCOTT, II. The facts are not in dispute. Two enforcement agents of the Liquor Control Board purchased liquor and beer at appellant's establishment on Sunday. Eugene J. Bonner, joint owner with his wife of the stock of appellant corporation, was not on the premises and the sales, according to his testimony, were made by a person hired by him only to clean the premises. Judge LIPPINCOTT's opinion contains the following significant paragraphs:

"At the hearing de novo the testimony as to Sunday sales was clear, precise and not denied by licensee. Two enforcement officers testified (one by stipulation) that they were admitted to the premises on Sunday afternoon, April 5, 1970.

"The bar was in full operation. Each ordered and paid for two drinks, together with three quarts of beer to take out. They also observed four other patrons seated at the bar purchasing and consuming alcoholic beverages. All sales were rung up on the cash register.

"There was also substantial evidence that beverages had been consumed by patrons on Sunday, March 22, 1970, but since the licensee testified that the apparent customers on that date were friends or relatives cleaning up the establishment and the alcoholic beverages were not paid for, the Board apparently made no finding with respect to this Sunday, although the court feels that a violation then was also proved.

"We sustained the finding of the Liquor Control Board and indicated that, although we might be inclined to impose a lesser fine, we were without discretion, having made the same findings as the Board: Yugovich Liquor License Case, 217 Pa. Super. 353, [272 A. 2d 510] (1970). The fine of $500 cannot be attacked, since it is well within the statutory limitation: 47 P.S. §4-471.

"The licensee's president may also contend on appeal that he was not personally present on April 5, 1970, and is not liable for the acts of his bartender in operating the establishment. The law of course is clear that the licensee is responsible for the acts of his agent in his absence: Commonwealth v. Koczwara, 188 Pa. Super. 153, 146 A. 2d 306, 397 Pa. 575, 155 A. 2d 825, certiorari denied 80 S. Ct. 1624, 363 U.S. 848, 4 L. Ed. 2d 1731 (1958)." Judge LIPPINCOTT's findings are fully supported by the record which we have reviewed with care. His statements of the law are correct and his citations of authority apt. In supplement of the latter we note that *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A. 2d 139 (1960), holds that the licensee is under a duty not only to regulate his personal conduct but also to control the acts and conduct of others whom he employs, including persons whose duties do not include the sale of liquor.

The appellant's contention that the man he engaged to clean the establishment was an independent contractor and not a servant, agent or employe is without merit.

Order affirmed.

---

OPINION BY JUDGE CRUMLISH, JR. (CONCURRING IN PART AND DISSENTING IN PART) :

The majority upholds the decision of the lower court in which Judge LIPPINCOTT found that appellant had committed two violations of the Liquor Code, one on March 22, 1970 and the other on April 5, 1970. Although the Liquor Control Board had not found a violation on March 22, the review by the lower court of the Board's findings is *de novo* and the court's finding that a violation occurred March 22 is supported by the evidence. Accordingly, I concur in the affirmance of the lower court's decision.

I do not, however, agree that a violation occurred on April 5. The record does not contain substantial evidence that the person, hired to clean the premises, involved in the April 5 violation was under the control of the licensee on that date or was ever involved in the ongoing business of operating the cafe during the hours which it was licensed to sell liquor. The licensee merely employed him to clean his establishment *in the licensee's absence,* while the cafe was *closed* on Sunday, April 5.

*Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A. 2d 139 (1960), cited by the majority, lends support to the position that the licensee is not liable under these circumstances. There, it was stated: "As the licensee of the Board, he is under a duty not only to regulate his own personal conduct in a manner consistent with the permit he has received, but also to control the acts and conduct of any employee *to whom he entrusts the sale of liquor.*" (Emphasis added). 193 Pa. Superior Ct. at 421, 165 A. 2d at 141. In that case, the violation involved illegal solicitation by an entertainer employed by the licensee. I believe that the line of cases represented by *Glass Door* intends to place upon the licensee the responsibility of preventing criminal acts by all employees who have patron contact. In the sense that there was no such contact here, the cleaning man was not, even to a limited extent, actively engaged in the operation of the business. As recognized by the dissents in *Commonwealth v. Koczwara,* 397 Pa. 575, 588, 595, 155 A. 2d 825 (1958), an overly literal reading of the statute is simply not in tune with the realities of life. Since the employee in this instance was not intended to represent the licensee in his business of selling alcoholic beverages. I cannot hold the licensee liable under *Glass Door* for a violation April 5, 1971.

616

Since there was evidence of a violation on March 22 and since the lower court so found, the penalty must stand. *The Carver House v. Pa. Liquor Control Board,* 3 Pa. Commonwealth Ct. 453, 281 A. 2d 473 (1971).