In the Matter of Revocation of Restaurant Liquor License No. R-2351, Issued To Patty's Den, Inc., 601-603 West Dauphin Street, Philadelphia, Pa. 19133 . Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued October 3, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*David Shotel,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*Samuel G. Nissenbaum,* for appellee.

Opinion by Judge Crumlish, Jr., November 14, 1977:

This is an appeal from a decision of the Court of Common Pleas which sustained the Pennsylvania Liquor Control Board's (Board) findings as to the culpability of Patty's Den, Inc. (Appellant), but reduced the fine to $100.00 reasoning that the fine which was imposed by Board for a technical violation was excessive and hence constituted an abuse of Board's discretion.

Appellant, which held a valid restaurant liquor license, was badly damaged by fire in 1974. During the period of reconstruction, the license was returned to Board for safekeeping. In March of 1975, Appellant requested the return of its license and shortly thereafter the premises was inspected by two Board agents, who advised Appellant that the license would not be returned until the restaurant had actually reopened and was conducting business. Upon completion of the necessary repairs, Appellant resumed business as usual. However, the official license certificate had not yet been returned. A license certificate must be physically displayed on the premises whenever alcoholic beverages are sold; hence, Appellant was in technical violation of Sections 4-467 and 4-493 (16) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-467, §493(16). Appellant mistakenly believed that when it reopened for business as a condition for the return of license, it could immediately begin to sell intoxicating beverages.

Subsequently, the agents, on another inspection tour, noted that Appellant was selling alcoholic beverages notwithstanding the absence of the license display and issued a citation. After a hearing, Board, in its discretion, fined Appellant the sum of *$1,000.00.*

In our judgment, the punishment was disproportionate to the offense but it is not our duty in review-

ing the Board's decision, to substitute our judgment as to the appropriate degree of censure for that of the Board. Thus, we must reluctantly reverse the decision of the court below. It is well settled that where the reviewing court has not made any material changes in the findings of the Board, it "may not reduce the penalty of the Board because it is considered too severe." *Pennsylvania Liquor Control Board v. Washington Sporting Club*, 13 Pa. Commonwealth Ct. 257, 259-60, 320 A.2d 851, 852 (1974). *Pace Liquor License Case*, 218 Pa. Superior Ct. 300, 280 A.2d 642 (1971).

Accordingly, we

### ORDER

AND Now, this 14th day of November, 1977, the order of the Court of Common Pleas of Philadelphia County is vacated and the order of the Pennsylvania Liquor Control Board fining Patty's Den, Inc., the sum of $1,000.00 is reinstated.