Cleveland Bates, t/a Neeta's Bar, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 3, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Morris F. Cohen,* for appellant.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 14, 1979:

Cleveland Bates, trading as Neeta's Bar, appeals an order of the Court of Common Pleas of Allegheny County dismissing his appeal from a decision of the Pennsylvania Liquor Control Board (Board) revoking his restaurant liquor license and amusement permit. We affirm.

The Board cited Bates for selling or furnishing alcoholic beverages to a minor in violation of Section

493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(1), and for permitting the use of the licensed premises for traffic in or use of controlled substances. After a hearing, the Board revoked Bates' license and permit pursuant to Section 471 of the Liquor Code, 47 P.S. §4-471. Bates appealed, and the Court of Common Pleas of Allegheny County, after a hearing de novo, made the following findings of fact:

1. Appellant's employee, Roosevelt Davis, sold intoxicating drink on May 3 and May 8, 1975, to Deborah Elizabeth Jones, a minor born June 18, 1956.

2. On February 8, March 21, May 17 and June 19, 1975, the licensee, or his employee, permitted licensed premises to be used in the use of a controlled substance, and on May 23 and May 27, 1975, the licensee allowed the premises to be used in the furtherance of traffic in such substances.

With regard to the first finding, Bates argues that the Commonwealth's only witness, the minor's mother, was biased and hostile and therefore her testimony was not competent to support the finding. To the contrary, a witness' interest may be considered when judging his credibility, but that interest does not render him incompetent to testify, and such testimony may properly support a finding of fact. *See College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 111, 360 A.2d 200, 204 (1976). Therefore, the first finding is properly supported by the testimony of the minor's mother.

Bates also argues that the evidence does not establish that he "permitted" the unlawful use of and traffic in drugs on his premises. In *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A.

2d 139 (1960), the Superior Court defined "permitted" as "acquiesced by failing to prevent" and held that the evidence established that the licensee had permitted entertainers to associate with patrons in violation of the Board's regulation, despite apparently uncontradicted testimony by the licensee and bartender that this practice was not allowed and that they had no knowledge of its occurrence.

In this case, it is undisputed that drug sales occurred on the premises, that numerous controlled substances were discovered on police raids, and that drug-related arrests were made on the premises by the police. A police inspector testified that, when he informed Bates about numerous neighborhood complaints regarding the unlawful activity on his premises, Bates responded that he was aware of it but was unable to do anything about it. Bates testified himself that he suspected unlawful activity was occurring on his premises; however, he was unable to discern particular instances of such activity due to the secrecy involved. He said he did not know any "pushers." He testified that he attempted to control the activity by calling the police and by suggesting that the police make gun checks. Twice he received threats when attempting to disperse troublemakers from the front of his premises.

In view of the continued pattern of unlawful activity on the premises of which Bates was aware, we can only conclude that there is substantial evidence to support the second finding. *See Hoffco Corp. Liquor License Case*, 198 Pa. Superior Ct. 1, 180 A.2d 270 (1962); *In re Revocation of License of Clock Bar, Inc.*, 85 Dauph. 125, 131-32 (1966).[1]

---

[1] *But cf. Pennsylvania Liquor Control Board v. Herb Anthony Enterprise, Inc.*, 35 Pa. Commonwealth Ct. 343, 386 A.2d 1043 (1978) (this Court affirmed the lower court's decision that a license

The issue remains, however, whether the Board revoked Bates' license for "sufficient cause" within the meaning of Section 471 of the Liquor Code.[2] Bates argues that the Board did not have sufficient cause since (1) only patrons engaged in the unlawful activity, not employees, (2) he and his employees had no direct knowledge of specific incidents of unlawful activity due to the secrecy surrounding it, (3) he had taken steps to alleviate the problem, and (4) the character of the neighborhood contributed to the problem.

Neither the Liquor Code nor the cases have defined what constitutes sufficient cause. It has been held, however, that violation of criminal laws by a licensee or his employees or agents constitutes sufficient cause. *See, e.g., In re Quaker City Development Co.*, 27 Pa.

revocation was improper when there was evidence of one sale of narcotics only, involving a bartender who was determined not to be an agent or employee of the licensee, and when the lower court found as a fact that the licensee, his employees and agents, had no knowledge of, and were not responsible for, the incident; *i.e.*, the lower court did not find, as had the Board, that the licensee permitted the activity.)

[2] Section 471 provides:

Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, *or upon any other sufficient cause shown*, the board may . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . . Upon such hearing, if satisfied that any such violation has occurred or for other sufficient cause, the board shall immediately suspend or revoke the license, or impose a fine of not less than fifty dollars ($50) nor more than one thousand dollars ($1,000). . . . (Emphasis added.)

Commonwealth Ct. 13, 365 A.2d 683 (1976). It has also been held that violation of the laws regarding the use or sale of controlled substances by an employee, regardless of whether the licensee had knowledge of the conduct, constitutes proper grounds for license suspension. *Sobel Liquor License Case,* 211 Pa. Superior Ct. 129, 235 A.2d 623 (1967); *Dubin Liquor License Case,* 210 Pa. Superior Ct. 346, 234 A.2d 7 (1967). Further, a license suspension was upheld based on evidence of solicitations by homosexuals among patrons when there was *no* evidence of involvement in or direct knowledge of such conduct by the licensee or his employees. *In re Revocation of License of Clock Bar, Inc., supra.* In *Quaker City Development Co., supra* at 16, 365 A.2d at 684, Judge WILKINSON, speaking for this Court, said:

> The Liquor Code is remedial civil legislation. 'This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals [and] . . . shall be liberally construed for the accomplishment of this purpose.' Section 104 of the Liquor Code, 47 P.S. §1-104. It is almost impossible to anticipate all the actions that may justify revocation of a license. Weinstein Liquor License Case, 159 Pa. Superior Ct. 437, 48 A.2d 1 (1946). Therefore, to accomplish the remedial purposes of the Act a 'catch-all' provision is needed. The 'other sufficient cause' provision is proper for this purpose.

We appreciate the licensee's problem of controlling his premises when secretive unlawful conduct occurs among patrons without the knowledge of the licensee or his employees. Nevertheless, absent proof of substantial affirmative measures taken by a licensee to eliminate a known pattern of use of and traffic in

432

controlled substances on his premises, we believe the Board has sufficient cause to revoke or suspend a license.[3]

Therefore, we enter the following

ORDER

AND Now, this 14th day of February, 1979, the order of the Court of Common Pleas of Allegheny County, dated December 6, 1976, dismissing the appeal of Cleveland Bates from the Pennsylvania Liquor Control Board's order of January 5, 1976, revoking the restaurant liquor license No. R-14658 and amusement permit No. AP-19884 issued to Cleveland Bates, trading as Neeta's Bar, is affirmed.

---

[3] The New Jersey Supreme Court, in *Ishmal v. Division of Alcoholic Beverage Control*, 58 N.J. 347, 277 A.2d 532, 51 A.L.R. 3d 1125 (1971), held that a licensee did not violate the rule that he may not "allow or permit" unlawful activity in narcotics on the premises when only patrons were involved, when the licensee had made a good-faith effort to control and stop the activity and where the location of the premises contributed significantly to the problem. Evidence indicated that the licensee called the police 75 to 100 times with complaints relative to narcotics, that she had a policy of refusing to serve and ejecting persons under the influence of drugs and that she and her employees fully cooperated with the police, including furnishing names and descriptions of persons known to be pushers.