In the Matter of Revocation of Retail Dispenser Eating Place License No. E-1326 and Amusement Permit No. AM-1326, Issued To: Richard L. Graver, Graver's Bar, 103 Locust Street, Lancaster, Pa. 17602. Richard L. Graver, Appellant.

Argued March 9, 1979, before Judges CRUMLISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

Richard P. Nuffort, with him Geisenberger, Zimmerman, Pfannebecker & Atlee, for appellant.

Mark Stephen Syrnick, Assistant Attorney General, with him Kenneth W. Makowski, Acting Chief Counsel, and Gerald Gornish, Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, July 11, 1979:

. Richard L. Graver (licensee) appeals from the order of the lower court dismissing his appeal from an order of the Pennsylvania Liquor Control Board (Board) revoking his retail dispenser eating place license and amusement permit.[1] .

After a de novo hearing, the lower court adopted the board's findings as supported by the evidence. Licensee alleges that the evidence does not support the finding that:

> (1) Licensee, his servants, agents or employees, possessed a controlled substance on the licensed premises and/or permitted the use of the licensee's licensed premises in the furtherance of the traffic in or use of a controlled sub-

---

[1] Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-471 provides in part: "Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages . . . by any licensee within the scope of this article, his officers, servants agents or employees, or upon any other sufficient cause shown, the board may . . . cite such licensee to appear . . . to show cause why such license should not be suspended or revoked or a fine imposed. . . ."

stance on September 18, 1976, March 18, 31, April 5, 13, 23, 26, May 6, 1977.[2]

Licensee's position is that the court's finding that licensee or his employee "permitted" drug trafficking to occur on the premises is unsupported. His argument is that, because the evidence fails to establish that he or his bartender actively engaged in or had actual knowledge of the drug transactions, the court's finding is unsubstantiated.

This case is similar to *Bates v. Commonwealth of Pennsylvania*, 40 Pa. Commonwealth Ct. 426, 397 A. 2d 851 (1978), where this Court upheld the revocation of a liquor license on the ground that the licensee had "permitted" drug use and trafficking on his premises by failing to prevent a continuing pattern of criminal activity on his premises.

In this case, it is undisputed that seven separate drug transactions, for the purchase of heroine and cocaine, occurred between September, 1976 and May, 1977. The agent testified that the transactions took place between himself and a different individual on each occasion. He further testified that these transactions, from the initial negotiation to the actual sale and transfer, took place on the licensed premises: in the men's room, near the pinball machine, and at the bar itself in the vicinity of the bartender.

This Court has previously recognized the potential difficulty involved in a licensee controlling his premises, where secretive unlawful conduct is occurring among the patrons without his specific knowledge. However, this Court also has held that a licensee is

---

[2] Licensee correctly points out that the evidence does not support a finding of a drug transaction occurring on the premises on March 31, 1977. However, the testimony elicited from agent Britt of the Pennsylvania Department of Justice amply supports both the board's and court's findings in regard to the occurrence of the other incidents.

required to take substantial affirmative measures to prevent or eliminate patterns of use and traffic of controlled substances on his premises. *Bates, supra.*

Further, the case law has established that use and sale of controlled substances by an employee, with or without the licensee's knowledge, is also grounds sufficient to justify a license suspension. *Dubin Liquor License Case,* 210 Pa. Superior Ct. 346, 234 A.2d 7 (1967). Testimony from Detective Walters established that on September 18, 1976, his search, pursuant to a warrant, uncovered the existence of a controlled substance on the person of the bartender and in the area behind the bar—an area in the bartender's control—as well as in the basement of the premises.

Thus, we conclude that the evidence does support the board's first finding, which alone is enough to establish "sufficient cause" for the revocation of appellant's license. Hence, we need not determine whether the evidence supports the board's further finding that the licensee or his employes permitted gambling on the premises.

We affirm the court below.

ORDER

AND Now, this 11th day of July, 1979, the order of the Court of Common Pleas of Lancaster County, Criminal Division, dated April 26, 1978, dismissing the appeal of Richard L. Graver from the Pennsylvania Liquor Control Board's order of November 4, 1977, revoking the dispenser eating place license No. E-1326 and amusement permit No. AM-1326 issued to Richard L. Graver, trading as Graver's Bar, is affirmed.