In Re: Omicron Enterprises, t/a/d/b/a Parkway Tavern etc. Omicron Enterprises, trading and doing business as Parkway Tavern, Appellant.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Henry M. Horvat,* for appellant.

*J. Leonard Langan,* Chief Counsel, with him *Felix Thau,* Counsel, for appellee.

OPINION BY JUDGE DOYLE, September 2, 1982:

This is an appeal by Omicron Enterprises, trading and doing business as Parkway Tavern (Tavern), from a decision and order of the Court of Common Pleas of Allegheny County affirming a decision by the Pennsylvania Liquor Control Board (Board) to suspend the Tavern's restaurant liquor license for ten days for serving liquor to a minor. We affirm.

On January 9, 1980, the Board issued a citation charging that on or about November 2, 1979, a minor was served liquor at the Tavern. A hearing was held on the citation on May 9, 1980. At the hearing, a Pennsylvania State Police trooper testified that at around 12:30 a.m. on November 3, 1979, he conducted a motor vehicle stop at the Darwin Interchange of the Pennsylvania Turnpike of a car being driven in an erratic fashion. The driver of the car was an eighteen year old male who appeared to be incoherent and who failed to pass a sobriety test. When questioned, the youth informed the trooper that he had purchased a number of rum and cokes at the Tavern earlier in the evening. Testimony was also received from a Board enforcement officer who stated that, following the receipt of

information from the State Police, he conducted an investigation into the matter. During the course of this investigation, the minor accompanied the officer to the Tavern at which time the minor identified it as the place where he had been drinking on November 2. In addition, the minor himself appeared as a witness and unequivocally testified that he had gone to the Tavern on November 2, 1979, and purchased alcoholic beverages.

In an effort to rebut the evidence presented by the Commonwealth, the Tavern introduced the testimony of its two owners and the bartender who was on duty the evening in question. None of these witnesses remembered seeing or serving the minor. The witnesses for the Tavern also pointed out alleged factual errors in the statements made by the minor to the State Police and his testimony such as the cost of drinks on the night in question,[1] the presence of entertainment in the Tavern, the location in the bar of the television set, and the approximate number of people actually in the Tavern at the time the minor stated he was there.

Following the hearing, the Board found that the Tavern had served alcoholic beverages to a minor as charged and, in light of the Tavern's record of two prior citations in the preceding two years and the penalties imposed thereon, it suspended the Tavern's license for a period of ten days pursuant to Section 1 of the Liquor Code (Code).[2] On appeal, the common

---

[1] We find it interesting to note that, while each of the Tavern's witnesses stated that drinks on the night in question were priced in a range which excluded the price the minor quoted to the State Police trooper at the time of his arrest, not one of the witnesses quoted a price range which agreed with that given by any of the other witnesses.

[2] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-471. This section states that "[i]f the violation in question is a third or subsequent violation of this act . . . occurring within a period of four years the [B]oard shall impose a suspension or revocation." We at

pleas court took no additional evidence, made its own findings of fact and conclusions of law and affirmed the license suspension. In its appeal to this Court, the Tavern asserts that there was insufficient evidence to support a conclusion that it had served liquor to a minor and that, in the alternative, a ten day suspension was, under the circumstances, unreasonable and excessive.

In a liquor license suspension case, the burden is on the Commonwealth to establish a violation of the Code by a clear preponderance of the evidence. *Speranza Liquor License Case,* 416 Pa. 348, 206 A.2d 292 (1965). This Court's scope of review of a common pleas court decision affirming a suspension of a liquor license by the Board where the court of common pleas took no additional evidence, is limited to determining whether the Board's order was supported by sufficient evidence and whether the common pleas court abused its discretion or committed an error of law. *Banks Liquor License Case,* 53 Pa. Commonwealth Ct. 11, 416 A.2d 631 (1980).

In the instant case, the court of common pleas, in affirming the license suspension stated:

[t]here is no question that the minor had been drinking and therefore it is merely a question of credibility as to where the liquor purchases were made. Petitioner's owners and bartender are naturally biased as opposed to the minor who it has not been shown would have any reason to identify the petitioner's establishment as opposed to any other. In addition, this identification was made spontaneously at the time of

this point note that, while the above cited section of the Code plays an integral role in the instant case, at no point in the proceedings, including the briefs to this Court in support of its actions, does the Board indicate the citations for the statutory authority it is invoking.

the incident and also subsequently at the hearing in this matter.

Questions of witness credibility and evidentiary weight in a matter of this nature are for the common pleas court, not this Court, to resolve. *Bobotas v. Pennsylvania Liquor Control Board,* 46 Pa. Commonwealth Ct. 537, 408 A.2d 164 (1979). Accordingly, we cannot disturb the court of common pleas' decision to accept the testimony of the minor over that of the witnesses for the Tavern. Whereas the minor's unequivocal identification of the Tavern as the place where he purchased alcoholic beverages is sufficient to support the common pleas court's finding of the same, *see Bates v. Commonwealth,* 40 Pa. Commonwealth Ct. 426, 397 A.2d 851 (1979), we therefore must affirm that court's determination that the tavern was guilty of a violation of the Code and that, pursuant to the Code, its license must be suspended.

With respect to the issue of whether a ten day suspension is unreasonably severe, the Tavern posits that because it has allegedly engaged in a sincere and good faith effort to prevent a recurrence of incidents such as gave rise to the prior citations that this should have mitigated the severity of the punishment for the current transgression. In so arguing, however, the Tavern admits that the suspension imposed was within the authority of the Board under the Code. Moreover, it does not allege that said suspension in any way involved a violation of constitutional rights. Therefore, while the common pleas court had the authority to reduce the penalty imposed by the Board if it had made findings of fact materially different from those of the Board, which it did not, *Pennsylvania Liquor Control Board v. Latrobe Armed Services Association,* 16 Pa. Commonwealth Ct. 199, 329 A.2d 549 (1974), this Court is unable "to substitute ... [its] judgment as to the appropriate degree of censure for that of the Board"

and the ten day suspension must stand. *Patty's Den, Inc. Liquor License Case*, 32 Pa. Commonwealth Ct. 382, 384, 379 A.2d 659, 660 (1977).

ORDER

Now, September 2, 1982, the decision and order of the Court of Common Pleas of Allegheny County in the above captioned matter, Case No. SA 725 of 1980 is hereby affirmed.