516 A.2d 1016

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Josephine E. Adair, t/d/b/a T & R Grill, Appellee.

Submitted on briefs March 10, 1986, to President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Gary F. DiVito,* Chief Counsel, for appellant.

*Theodore H. Watts, Pepicelli, Pepicelli, Watts and Youngs, P.C.*, for appellee.

*George J. Barco, Barco and Barco*, for intervenor, Mary E. Terregino.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 1, 1986:

The Pennsylvania Liquor Control Board (LCB) appeals a Crawford County Common Pleas Court order setting aside the liquor license revocation of Josephine. E. Adair (Adair), owner of the T & R Grill. The court imposed instead a $200 fine. The LCB appeals; we reverse.

On February 2, 1983, the LCB issued a citation to Adair to show cause why her license and permit should not be suspended or revoked. The incident giving rise to the citation involved the receipt of a quantity of cocaine by an undercover state police officer from a barmaid at the T & R Grill. After an LCB hearing at which the undercover officer testified, Adair's license was revoked. Adair appealed to the Crawford County Common Pleas Court,[1] which conducted a *de novo* hearing[2] at which the barmaid also testified. The court then issued an order modifying the penalty.

---

[1] Mary E. Terregino, the prior owner, filed a petition to intervene pursuant to Pa. R.C.P. No. 2327. The common pleas court granted the petition but limited the intervention to assure only that all pertinent facts and applicable law be presented. Terregino also filed a petition to intervene and a brief in support of appellee, Adair, in the instant appeal. The LCB applied for relief pursuant to Pa. R.A.P. 123 barring Terregino from submitting a brief. We grant Terregino's application and deny the LCB's request for relief.

[2] Prior to the court hearing, the LCB was ordered to amend its opinion to state the precise findings of fact on which its decision was based. The LCB submitted the following additional finding to the court: "A state police officer on April 20, 1982, received a quantitiy [sic] of cocaine from the barmaid at the subject premises."

Where an appeal from a LCB decision is heard *de novo* by the common pleas court, our review is limited to determining whether the trial court abused its discretion or committed an error of law and whether the order of the LCB was supported by substantial evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

The LCB contends that the common pleas court committed an error of law when it found that the alleged romantic feelings that the barmaid had developed for the undercover officer constituted a materially different finding of fact, thus permitting a modification of the LCB's penalty. We agree.

While it is true that the common pleas court has the discretion to modify an action taken by the LCB, it may only do so when it makes findings of fact which materially differ from those of the LCB. *Pennsylvania Liquor Control Board v. Camac Bar, Inc.,* 43 Pa. Commonwealth Ct. 349, 403 A.2d 136 (1979). In the instant case, the essential fact that the barmaid illegally delivered a controlled substance to the undercover officer is not subtantially disputed. That the barmaid believed she was making a gift to a supposed boyfriend does not mitigate the licensee's culpability. However justified the court's observation that the violation did not merit so harsh a penalty,[3] it cannot reverse the LCB by declaring the violation *de minimis. Pennsylvania Liquor Control Board v. Dobrinoff,* 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984).

---

Adair contends that she was denied due process by the LCB's failure to state the facts more specifically in the citation to show cause. We find the above-stated amended opinion to have been adequate to put Adair on notice of the pertinent facts of the case.

[3] We note the case of *Dubin Liquor License Case,* 210 Pa. Superior Ct. 346, 234 A.2d 7 (1967), in which the court stated that

Moreover, the fact that no money changed hands does not negate the element of drug trafficking by the barmaid. The Superior Court has held that "trafficking" in drugs occurs even in the absence of a sale. *Commonwealth v. Hill,* 236 Pa. Superior Ct. 572, 346 A.2d 314 (1975).

The intervenor, Terregino, submits that the undercover officer entrapped the barmaid due to an alleged "special friendship" the agent and the barmaid had developed during the course of the undercover investigation. We disagree. Our review of the record reveals no credible or substantial evidence to support an entrapment defense.

Thus, in the absence of materially different findings of fact, the court erred by substituting its judgment for that of the LCB regarding the penalty for the licensee's violation. *In Re: Omicron Enterprises,* 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982).

Accordingly, the common pleas court order is reversed and the revocation order is reinstated.

## ORDER

The Crawford County Common Pleas Court order, No. AD 1983-746 dated October 24, 1984, is reversed. The order of license revocation issued by the Pennsylvania Liquor Control Board is reinstated. The petition to intervene is granted, and the application to bar the intervenor's brief is denied.

---

"[i]t is well settled that a liquor license may be suspended or revoked for a violation by an employe without proof of a pattern of activity and despite the absence of evidence that the licensee had personal knowledge of the violation. . . ." 210 Pa. Superior Ct. at 348, 234 A.2d at 8. In that case, the liquor license had been suspended for fifty days after a police officer purchased a $5.00 bag of marijuana from the bartender.